HAMPTON ET AL. VS. PHYSICK, ADM'R.

Although the probate court may fail to make an order vesting the entire estate of a deceased husband in the widow, when it does not exceed three hundred dollars, she may, in a proceeding against her to account for the estate, show that it did not exceed that sum, and thus avail herself of the benefit of the statute.

*Appeal from Hot Spring Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

GARLAND & NASH, for appellants.

If the estate amounted to only $300, Mrs. Jackson did not take the proper course to have it given to her. There was no petition to court, no order of court. The statute upon which she relies was not complied with. *Gould's Dig., ch.* 4, *p.* 104, *sec.* 3.

According to the testimony the value of Jackson's estate is variously estimated; but there is no doubt that the estate was worth more than $300; that Jackson paid in his life time a portion of the purchase money on the land, and that Mrs. Jackson paid the other out of personalty of the estate. Equity will regard her simply as a trustee for the estate and hold the land as property belonging to Jackson's estate. *Hill on Trustees*, 114, 534, (*2d Amer. Ed.*;) *Adams Equity*, 143, (*3d Amer. Ed.*)

WATKINS & ROSE, for appellee.

On the merits, the bill was properly dismissed, as the answer and proof show.

The suit was revived on the suggestion of the complainants below, against the heirs of Priscilla Adams without naming them; it results that no decree could have been rendered in favor

37

562    CASES IN THE SUPREME COURT

Hampton et al. vs. Physick, adm'r    [JUNE

of those complainants, and they have no ground of appeal from the appeal from the decree dismissing their bill, even though it had not been done on the merits.

Mr. Justice COMPTON delivered the opinion of the court.

The bill in this case alleges that James Jackson died intestate, on the 15th day of June, 1852, leaving him surviving Priscilla Jackson, his widow, and the complainants his only heirs at law and distributees; that at the time of his death, he was the owner of a tract of land lying in Hot Spring county, and of personal property of the value of about eleven hundred dollars; that he purchased the land in 1851, from George C. Miller, who executed to him a title bond for the same, and that, when Jackson died, the greater part of the purchase money remained due and unpaid to Miller; that no administration on his estate was ever taken out; that Mrs. Jackson, the widow, sold and appropriated to her own use the entire personalty, and that she paid Miller the residue of the purchase money for the land out of the assets of the estate, and took a deed for the same in her own name and for her own use.

The bill prays an account of the personalty so converted; and for partition of the realty, after first assigning dower to Mrs. Jackson, etc.

The proof read at the hearing in the court below does not sustain the case made by the bill. It appears that, although James Jackson purchased the land from Miller and paid him part of the purchase money therefor, he conveyed his interest in the same to his sons, Pleasant and Branson Jackson, shortly before his death, by assignment to them of Miller's title bond; that Pleasant and Branson died without having paid the residue of the purchase money to Miller, and leaving them surviving Mrs. Jackson, their sole heir at law and distributee, who, as such, became the owner of their entire estate; that, afterwards, Mrs. Jackson purchased the land from Miller for the sum of seven hundred dollars, who executed to her a deed, bearing date the

15th of June, 1853, she having paid the purchase money for the same with her own property, the larger portion of which came to her as next of kin to her two sons, Pleasant and Branson. James Jackson was not, therefore, the owner of the land in controversy, at the time of his death. The evidence also clearly shows that his entire estate did not exceed, in value, the sum of three hundred dollars. In such case, the statute provides that the probate court shall make an order vesting the estate absolutely in the widow, (*Gould's Dig.*, ch. 4, sec. 3;) and although it does not appear that such a decree had been rendered, vesting the estate in Mrs. Jackson, it was, nevertheless, competent for her to show, as she did do, that the value of the estate did not exceed three hundred dollars, and thus avail herself, in this proceeding of the benefit of the statute.

According to the view we have taken, the circuit judge, sitting in chancery, did not err in dismissing the bill for want of equity, and the decree must be affirmed.