HENRY *v*. TILLAR.

Opinion delivered March 8, 1902.

ADMINISTRATION—WIDOW'S ALLOWANCE—WAIVER.—Under the act of April 1, 1887, § 3, a widow is not barred from her right to have the proceeds of the sale of her husband's personal estate, not exceeding $300 in value, vested in her absolutely by reason of her failure to cause an appraisement thereof to be made and filed before the property was sold by the administrator under the order of the probate court.

Appeal from Desha Circuit Court, Arkansas City District.

ANTONIO B. GRACE, Judge.

Reversed.

STATEMENT BY THE COURT.

F. W. Henry died intestate, leaving a widow, but no children. T. F. Tillar was appointed administrator of Henry's estate. On January 2, 1899, in vacation, the probate judge made an order of sale of the personalty of the estate. Administrator sold same, and made report of sale, showing $232.77 as the amount realized. On

the 15th day of February, 1899, appellant, the widow of decedent, filed her petition, alleging that decedent left no children; that the value of the estate was less than $800; prayed that the administrator be ordered to pay the proceeds of the sale, $232.77, to her as part payment of the amount allowed her by section 3 of Sand. & H. Dig.

The administrator filed a response to the petition, and admitted the facts alleged in petition, but claimed that appellant had waived her right to the allotment of $300 because: (1) She did not apply for same within thirty days after the death of her husband, as required by section 74, Sand. & H. Dig.; (2) because property was sold under order of court, and appellant did not make application for allotment prior to sale; (3) that appellant waived her right to allotment by not applying for same before sale, and by permitting the property to be sold; (4) that appellant had retained the property of the estate sufficient in value to amount to $300.

The probate court granted the prayer of petition. Administrator appealed to the circuit court. In that court the case was tried upon the petition, the response thereto, and the administrator's report of sale. No other evidence was introduced. The circuit court held that appellant had waived her allowance, and rendered judgment accordingly. Appellant excepted and appealed.

*F. M. Rogers,* for appellant.

The judgment is erroneous in that it should have remanded the cause to the probate court, instead of making final disposition of the case. 38 Ark. 482; 60 Ark. 461; 67 Ark. 278; 52 Ark. 1; *id.* 499.

*W. S. & F. L. McCain,* for appellee.

WOOD, J., (after stating the facts). The question here is, did appellant lose the right to the statutory allowance for which she petitions by failing to have the personal property appraised, as provided by section 3 of the act of April 1, 1887? That section is as follows: "Be it further enacted that any widow desiring to avail herself of the provisions of this act shall, within thirty days after the death of deceased, cause to be made an appraisement of all the personal property of the estate by three disinterested householders of the county, whose duty it shall be to view and appraise all the personal property of the estate except such articles as are reserved as

the absolute property of the widow by section 2 of this act, and shall make a full and complete list of the same, describing each article and the value thereof, and showing the total value of the appraisement, which shall be signed by them, or any two of them, and attach thereto an affidavit reciting that they are not of kin to the widow or the deceased, and not in any way interested in the estate, and that they have to the best of their abilities appraised the property to them shown, and each of said appraisers shall receive for his services the sum of $1 for each day he may have been engaged in making said appraisement, to be paid by the person for whose benefit the same was made, and the list of appraisement shall be immediately filed with the clerk of the county court of the county; *provided,* no widow or children of any deceased person shall ever be barred of any of the benefits of sections 1 and 2 of this act by failure to make appraisement or file list of same within the time specified in this section."

An act of January 2, 1852, provided that "when anyone shall die, leaving a widow or children, and it shall be made to appear to the court that the estate of the deceased does not exceed $300, the court shall make an order that the estate vest absolutely in the widow or children," etc. Under this act we held that the title to an intestate's estate vests in the widow or children; that the law, *proprio vigore,* gave the right to the widow to retain in her hands the whole estate, without liability to account if it was in fact of less value than $300. *Hampton* v. *Physick,* 24 Ark. 561; *Word* v. *West,* 38 *id.* 243; *Wolff* v. *Perkins,* 51 *id.* 45. The first section of the act of 1887, fixing the allowance, is couched in similar language to that of the act of January 2, 1852, and the same construction must be given it, so far as vesting the title is concerned. Under the act of 1887, as under the act of 1852, the title vests when the facts in reference to the value of the personal estate prescribed by the statute exist, regardless of whether such facts are ascertained in the manner pointed out by the statute or not. The proviso to section 3 but recognizes and follows the liberal construction which this court had placed upon a statute making the allowance in similar terms. Under that statute the order of court was not a prerequisite to the investiture of title. That would seem to be of more importance than the matter of appraisement.

The design of the legislature doubtless was to point out an expeditious, impartial and accurate method of ascertaining the value of the estate at the cost of the person for whose benefit the proceeding is instituted. But it was not intended to be made a condition precedent to the vesting of title in the estate. The statute concerning appraisement is directory. We think the proviso should be construed to mean that the failure to make the appraisement would not forfeit the vested estate, nor, if made, would the failure to file the list of same within the time specified work a forfeiture.

The burden of proving the value of the estate is on the person benefited. But it was not questioned in the court below that the value of the estate was less than $800. Nor was there any proof to show that it exceeded $300. The report of sale was accepted, without objection, as the only proof of the value of the estate.

The title to the property in the hands of the administrator at the time of the sale being in the appellant, she is now entitled to the proceeds in his hands.

Reversed and remanded.