LeGRAND v. STATE.

Opinion delivered November 23, 1908.

1. CONTINUANCES—WHEN PROPERLY REFUSED.—After two continuances have been granted in a felony case for absent witnesses, a third continuance was properly refused where the applicant failed to show that he could not prove by any other witness the facts sought to be proved by the absent witnesses, and to show any reason for expecting to obtain said witnesses at any future date. (Page 136.)

2. MARRIAGE—HOW PROVED.—Proof that defendant told witness that he had married a certain woman, and that they lived together as husband and wife, and had a child born, is sufficient to establish their marriage. (Page 137.)

3. APPEAL AND ERROR—HARMLESS ERROR.—If a wife be incompetent to testify as to the fact of their marriage in a prosecution against the husband for bigamy, the error of admitting her testimony was not prejudicial if the marriage was proved by competent and undisputed testimony. (Page 137.)

Appeal from Sharp Circuit Court, Southern District; *John W. Meeks,* Judge; affirmed.

*McCaleb & Reeder,* for appellant.

1. It was a manifest abuse of the discretion of the court to refuse a continuance. The evidence needed was a complete defense, and the only evidence obtainable to prove the facts relied on. 24 Ark. 402; 30 *Id.* 72; 49 *Id.* 449; 50 *Id.* 276; 71 *Id.* 180; Kirby's Dig. § 3505; 50 Ark. 161.

2. The wife is incompetent to testify against the husband. 71 Ark. 192; 77 *Id.* 431; 17 L. R. A. 728. Bigamy is not such an offense as will permit the spouse to testify. Kirby's Dig. § § 3092-3; 44 Ala. 24; 67 Ga. 260; 172 Ill. 466; 110 Mo. 350; 58 Ia. 165; 33 Tex. Cr. 470; 15 La. An. 403; 137 U. S. 496; 62 L. R. A. 172; 34 Tex. Cr. App. 516.

3. The marriage license and certificate were not properly authenticated under the act of Congress (see Kirby's Dig. pp. 181-2) which applies to marriage certificates and records. 72 Mich. 184; 1 Cush. 391; 43 Vt. 20.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* Assistant, for appellee.

1. After one continuance the court can properly exercise its discretion more rigidly than upon a first application. 52 Ark. 165; 82 *Id.* 283.

2. In any criminal prosecution a husband and wife may testify against each other in all cases where an injury has been done against the person or property of either. Kirby's Digest, § 3092. This is sufficiently broad to cover a case of bigamy. 58 Iowa, 165; 55 *Id.* 217; 31 *Id.* 24; 107 N. C. 885; 61 Neb. 589.

HILL, C. J. Jack Le Grand was indicted by the grand jury of Sharp County for the crime of bigamy at the August, 1907, term. He was tried in August, 1908, and convicted, and has appealed, and assigns three alleged errors as ground for reversal, which will be discussed in their order.

I. The court overruled a motion for continuance, and it is said that this was an abuse of discretion which calls for a reversal. At the August, 1907, term, LeGrand made application to the court for an order permitting him to take the depositions of non-resident witnesses, and the order was made, providing that the depositions could be taken in pursuance of sections 2268 and 2270, upon notice to the prosecuting attorney, and the case was continued by consent. At the February, 1908, term, he moved the court for a continuance, and it was granted, and the case was set for the third day of the August, 1908, term. In January, 1908, he had a subpoena issued to Benton County for one witness, and to Lawrence County for two witnesses. These subpoenas were mailed to the sheriffs of said counties, and no returns were made of them. On the second day of the August, 1908, term he asked for a rule against the sheriff of Lawrence County for a return of the subpoena sent him, and on the third day of the term, the day on which the cause had been set for trial, he filed the motion for continuance referred to. He failed to show that he could not prove by any other witness the facts therein set forth; failed to show why he had not secured the attendance of the witnesses, other than that the subpoenas issued the preceding January had not been returned; and failed to show any reason for expecting to obtain said witnesses at any future date. In *Price* v. *State,* 57 Ark. 165, the court said: "After long delay, or several continuances have been granted, the discretion of the court in granting or refusing a continuance might well be exercised more rigidly than upon the first application." The same principle was applied in *Vanata* v. *State,* 82 Ark. 203. No abuse of discretion is shown in this matter.

II.  Stella LeGrand, who claims to be the legal wife of the defendant, was placed upon the stand by the State, and testified to having married him November 3, 1903, at Independence, Kansas, and lived with him for two years as his wife. It was admitted in open court that he was married to Imo Woodliff on the 24th of June, 1907.  Cases are cited by the appellant to sustain the position that, under statutes similar to sec. 3092 of Kirby's Digest, a husband or wife is not competent to testify against the other in a prosecution for bigamy.  On the other hand, the Attorney General cites cases to the contrary.  It is immaterial in this case to determine this question.  Mrs. Maud Lamb testified that she is the sister of Stella LeGrand, and that, while her sister was on a visit to her, the defendant, LeGrand, and her sister Stella were married, and that they told her of it about an hour afterwards.  That LeGrand said that they were married at the court house by Judge Sole, and that her sister also told her in LeGrand's presence that they were married.  Mrs. Lamb said they lived together in Independence for about three weeks, and in the country near there about a month, and then they moved to a small town near by; then they went to Oklahoma, and later lived at Joplin.  A child was born to them.  This was competent evidence to prove a marriage.  *Halbrook* v. *State,* 34 Ark. 511; 5 Cyc. 700; 4 Am. & Eng. Enc. 42.  This testimony was uncontradicted, and the witness unimpeached, and her testimony in no wise weakened by cross examination.  It must be taken, therefore, that the marriage was an established fact; and, being established, it is not prejudicial error if incompetent testimony was also adduced tending to prove the same fact already established by competent evidence.  *Williams* v. *State,* 66 Ark. 264; *Standard Life & Accident Ins. Co.* v. *Schmaltz,* 66 Ark. 588; *Meisenheimer* v. *State,* 73 Ark. 407; *St. Louis, I. M. & S. Ry. Co.* v. *Stewart,* 68 Ark. 606; *Henry* v. *State,* 77 Ark. 453; *Maxey* v. *State,* 76 Ark. 276.

III.  An attack is made upon the admissibility of a certified copy of a marriage license and its return.  If it be admitted that it was not properly certified, no prejudice results, for it would be merely incompetent evidence of a fact already established.

Judgment affirmed.