## BERTIG *v.* HIGGINS.

### Opinion delivered January 18, 1909.

1. ADMINISTRATION—WHEN ESTATE VESTS IN WIDOW AND CHILDREN.—
Where the personal estate of a deceased person does not exceed in
value the sum of $300, the title thereto vests in the widow and minor
children of such person, and they alone are authorized to sue for its
possession. (Page 71.)

2. SAME—CONCLUSIVENESS OF APPOINTMENT OF ADMINISTRATOR.—While
the appointment of an administrator by the probate court is con-
clusive of the necessity for the appointment, it is not conclusive of
the right of the administrator to take possession of property exempt
from administration. (Page 72.)

Appeal from Green Circuit Court, *Frank Smith,* Judge; re-
versed.

*J. D. Block* and *Huddleston & Taylor,* for appellant.

The appellee, suing as administratrix, is not entitled to
maintain this action. 24 Ark. 561; 33 Ark. 824; 38 Ark. 243;
51 Ark. 43; 70 Ark. 246.

*W. W. Bandy,* for appellee.

If it be conceded that appellant by his foreclosure suit ob-
tained such title as appellee herself had, yet the interest of the
minor children could not be obtained in that way, and their in-
terest and that of creditors at least, could be protected through
the administratrix. The reason for granting the letters of admin-
istration cannot be questioned in this case. 46 Ark. 373. And,
the letters being granted, appellee was compelled to follow the
statute. Kirby's Dig. § 56. This court has said: "Either the
heirs at law or the widow might lawfully have possession of the
property belonging to the estate until an administrator was ap-
pointed, then the rights of either must give way to the admin-
istrator." 83 Ark. 416.

McCULLOCH, J. J. R. Higgins, appellee's intestate, executed
to one Fisher a chattel mortgage on two mules to secure the
payment of a promissory note for $200, and after the maturity
of the note and after the death of J. R. Higgins the widow in-
duced appellant to purchase the note from Fisher, taking an as-
signment thereof. She represented to appellant that the two
mules now in controversy were the ones embraced in the mort-

gage, but it was proved at the trial of this case below that they were not the same mules, and that the two embraced in the mortgage had been traded off by J. R. Higgins in his lifetime.

Upon default being made in payment of the mortgage debt, according to agreement with appellant when he purchased the note, he demanded possession of the mules, which being refused, he instituted an action before a justice of the peace to recover possession for the purpose of foreclosing the mortgage. He obtained judgment, foreclosed the mortgage regularly according to law and the terms of the mortgage, and purchased the mules at the sale. Mrs. Higgins then took out letters of administration on the estate of her deceased husband, and instituted this action against appellant to recover possession of the mules. A trial before jury in the circuit court resulted in a verdict and judgment in favor of appellee.

It is undisputed that all of the personal property owned by J R. Higgins at the time of his death did not exceed in value the sum of three hundred dollars. He left surviving his widow and minor children. It is contended on behalf of appellant that, as the personal property of J. R. Higgins did not exceed $300 in value, the title thereto vested in the widow and minor children by virtue of the statute (Kirby's Digest, § 3), and that the administratrix cannot maintain an action to recover it. Under those circumstances the personal property, like the homestead of a decedent, is exempt from administration proceedings and does not pass into the hands of an administrator. The title is vested absolutely by virtue of the statute in the widow and minor children, and they alone are authorized to sue for possession. This court has construed former statutes of similar import to so vest the personal property without an order of the probate court. *Hampton* v. *Physick,* 24 Ark. 561; *Word* v. *West,* 38 Ark. 243; *Wolff* v. *Perkins,* 51 Ark. 45; *Tillar* v. *Henry,* 70 Ark. 246.

The only difference in the statute now in force is that, according to its terms, the probate court is authorized to make an order declaring the property to be vested in the widow and minor children after the court "is satisfied that reasonable funeral expenses of such person, not to exceed twenty-five dollars, have been paid or secured." Under this statute the title to the personal property of a decedent, when it does not exceed $300 in

value, vests in the widow and minor children, without an order of court, subject to the right of a claimant for funeral expenses to enforce his claim against the property unless the same be paid or secured, and the probate court is forbidden to make an order declaring the title vested absolutely in them until such expenses be paid or secured.

The opinion of this court in *Lambert* v. *Tucker,* 83 'Ark. 416, does not conflict with the view now expressed. There the personal estate of the decedent exceeded $300 in value. It was shown to be worth from $700 to $1,000, and the court held that the administrator could retain possession of it in the regular course of administration until the widow's portion could be set apart to her. It does not appear that the court meant to overrule the former decisions on the subject.

The grant of letters of administration by the probate court was conclusive of the necessity of the appointment, but not of the right of the administrator to take possession of property exempt from administrative proceedings. *Stewart* v. *Smiley,* 46 Ark. 373.

It is not proper for us to discuss, in this action between appellant and the administratrix, the right of the former to hold the property, under the circumstances, as against the widow or minor children. It is sufficient to end this case when we decide, as we do, that the administratrix had no right to maintain the suit for possession.

The judgment is reversed and case dismissed.