CARTER *v.* YOUNGER.

Opinion delivered April 3, 1916.

1. SEPARATION AGREEMENT—MOTION TO MAKE REPLY MORE SPECIFIC.— Appellee brought an action praying for dower in her deceased husband's estate. Appellants set up in their answer a separation agreement. Appellee replied, alleging an abrogation of the said agreement, and setting out certain facts, sustaining the reply. *Held*, a motion to require appellee to make her reply more specific, was properly overruled.

2.  FORMER APPEAL—LAW OF SECOND APPEAL.—Where no new facts are developed on a second trial, the law as declared on a former appeal, is the law of the case, and is conclusive.

3.  SEPARATION AGREEMENT—COMMUNICATION BETWEEN THE PARTIES—ABROGATION.—It is competent on the issue of whether a separation agreement has been abrogated, to prove that the husband, after the separation agreement was made, had requested the wife to go with him to a certain State, and to show what the wife said in response to such request.

4.  EVIDENCE—SELF-SERVING DECLARATIONS—ABROGATION OF SEPARATION AGREEMENT.—In an action to have dower set aside to her, the wife can not by her own acts and words, prove her contention that a separation agreement which she had made with her husband, had been abrogated.

5.  EVIDENCE—INCOMPETENT TESTIMONY—PREJUDICE.—The admission of incompetent testimony is not prejudicial, when the facts shown, are also established by other evidence which is competent and undisputed.

6.  EVIDENCE—SELF-SERVING DECLARATIONS—ABROGATION OF SEPARATION AGREEMENT WITH DECEASED HUSBAND.—In an action by the widow to have dower set aside to her, appellants, the deceased husband's heirs, may prove transactions of the deceased with third parties, that in their nature are not self-serving, and which show that the separation agreement had not been abrogated.

7.  EVIDENCE—ABROGATION OF SEPARATION AGREEMENT—STATEMENTS OF DECEASED.—The widow, claiming dower, may show acts and declarations of her deceased husband tending to show that a separation agreement between them had been abrogated.

8.  EVIDENCE—DOWER—TRANSACTIONS WITH DECEASED.—In an action against the executors, by deceased's widow, to obtain dower, it was alleged that she was barred by reason of a separation agreement, held, testimony by the widow, as to services rendered her husband during his last illness, is incompetent.

9.  SEPARATION AGREEMENT—ABROGATION—PROOF.—Whether a separation agreement had been abrogated by the parties, is a question of fact for the jury.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; reversed.

STATEMENT BY THE COURT.

Appellee petitioned the probate court to allot her dower in the personal property of the estate of her deceased husband, Sam Younger. The appellants challenged the jurisdiction of the court. They also set up that the appellee was not entitled to any dower, for the

reason that she had entered into a separation agreement whereby for a certain consideration appellee had agreed to relinquish her dower; that such agreement had been duly performed on the part of Younger during his lifetime.

Appellee admitted the separation agreement, but alleged that such agreement had been abrogated by mutual consent before the death of her husband.

This is the second appeal in the case. The issues, as set forth on the first appeal, are fully stated in *Carter* v. *Younger*, 112 Ark. 483.

On the former appeal we held that the probate court had jurisdiction to allot dower, and as incident to such jurisdiction it was within the province of the court to determine "whether the separation agreement which she admits she executed was afterwards abrogated by the parties who made it." We held that this was as far as the jurisdiction of the probate court extended, and that the only issue that should have been submitted to the jury was whether or not the separation agreement had been abrogated. The cause was reversed and remanded for a new trial.

On the last trial the appellants moved the court to require the appellee to make her reply more definite and certain by stating when and where the agreement of separation was abrogated, and when and where appellee and her husband lived subsequent to the alleged abrogation of the agreement. The court overruled the motion. Appellants then filed a motion to dismiss the cause, alleging "that the circuit court did not have jurisdiction to try all the issues raised by the pleadings in the case," which motion the court overruled.

The court sent the issue as to whether or not the agreement had been abrogated to the jury. The jury returned a verdict finding that the separation agreement had been abrogated. Judgment was entered in favor of the appellee, awarding her dower as prayed, and appellants duly prosecute this appeal. Other facts will be stated in the opinion.

*James B. McDonough* and *Geo. F. Youmans,* for appellants.

1. The motion to require plaintiff to make her reply more definite and certain by stating when and where the agreement of separation was abrogated should have been sustained. 96 Ark. 163; 71 *Id.* 562.

2. On the former appeal (112 Ark. 483), this court held that the court had jurisdiction to allot dower and determine whether the separation agreement had been abrogated. The court had no jurisdiction to determine all the issues raised. The cause should have been dismissed or transferred to equity. Brown on Jurisdiction, (2 ed.), § 2; 102 Ind. 233; 52 Am. Rep. 662; 33 Ark. 31; 88 *Id.* 1; 70 *Id.* 346; 48 *Id.* 151.

3. A party can not be permitted to corroborate himself by proving what he said or did at another time. *Res inter alioacta alteros nocere non debet* applies. Best, on Ev., § 506. This rule was repeatedly violated.

4. It was error to sustain objections to defendants' offer to prove by Tubb and Gacking conversations with Younger. Also the objections to the evidence of Gilbert and Kuopinsky. These were not self-serving declarations. Certainly the court could not enforce the rule against defendants and waive it in favor of plaintiff. 54 Ark. 25; Elliott on Appel. Proc., § § 626, 630.

5. The court erred in permitting witnesses to testify in regard to conversations with Sam Younger.

6. The ruling on the testimony of P. A. Ball as to payment of a note was error. It was incompetent. Kirby's Dig., § 3093; 67 Ark. 318.

7. Plaintiff's testimony was incompetent. *Ib.;* 115 Ark. 538; 82 Ark. 136; 108 *Id.* 171; 90 *Id.* 485; 83 *Id.* 210; 173 S. W. (Ky.) 1115; 117 Ark. 628; 84 S. E. 878; 93 Atl. 761.

8. The burden was on appellant to show that the separation agreement was abrogated. She has failed.

9. The court erred in its instructions.

*Cravens & Cravens* and *J. F. O'Melia,* for appellee.

1. Practically all the questions raised were settled on the former appeal. The motion to make the reply more definite and certain was properly overruled. It was not material when or where the agreement was abrogated. Kirby's Dig., § 6091; 102 Ark. 200.

2. The court settled the question of jurisdiction on the former appeal. 112 Ark. 483.

3. Mrs. Younger simply testified as to what she did. If erroneous, it was not prejudicial. 83 Ark. 337; 66 *Id.* 558; 79 *Id.* 346; 88 *Id.* 135; 103 *Id.* 87.

4. There was no error in excluding testimony of Tubbs, Gacking and others as to conversations with Sam Younger. 54 Ark. 25, only decides that one who first introduced incompetent evidence can not complain. The statements of Younger would be self-serving and made in the absence of plaintiff.

5. The testimony of Sweeney was competent. 112 Ark. 489.

6. The court's ruling on Ball's testimony was correct.

7. This is not a suit against the executors alone but also against others. Plaintiff's testimony was competent. Kirby's Dig., § 3093; 26 Ark. 476. Where appellants introduce incompetent evidence they can not complain because appellee was also permitted to introduce evidence of the same character. 88 Ark. 484; 67 *Id.* 47; 75 *Id.* 251.

8. The sole issue was the abrogation of the separation agreement and the burden was on appellee. The evidence is sufficient. 112 Ark. 488; 57 *Id.* 577; 15 *Id.* 540; 73 *Id.* 377; 75 *Id.* 111; 67 *Id.* 531; 76 *Id.* 326.

9. There is no error in the instructions. 112 Ark. 488; 31 *Id.* 576.

WOOD, J., (after stating the facts). (1) I. The court did not err in refusing to require the appellee to make her reply more definite and certain. The reply, after admitting the separation agreement, and setting up that the same had been abrogated and cancelled by mutual agree-

ment, alleged that appellee "again returned to live with her husband, Samuel Younger, deceased, by nursing, washing. his night shirts, providing him with food and giving him every attention that it was possible for her to do." This sufficiently advised the appellants of the fact that the separation agreement had been abrogated by appellee's returning to live with her husband, and setting forth the acts which constituted her demeanor towards him showing that the separation agreement had been abrogated. The appellants could not have been surprised by any testimony that was developed by appellee on this issue. See *Hodges* v. *Bayley,* 102 Ark. 200.

As to when and where the abrogation took place and when and where the appellee and her husband lived together after the alleged separation agreement, were matters to be brought out by the evidence.

(2) II. Our decision on the former appeal, that the court had jurisdiction to allot dower, and, as incident thereto, the power to determine whether the separation agreement had been abrogated, was the law of the case and is conclusive, because no new facts were developed on the last trial which would call for the application of a different rule of law on that issue. The former decision is correct, but even if erroneous it would be controlling as the law of the case. See *Morgan Engineering Co.* v. *Cache River Drainage Dist.,* 122 Ark. 491, and cases there cited.

III. Appellee over the objection of appellants, testified that in January, 1911, "Mr. Sweeney came down and said Mr. Younger wanted me to live with him again and he came to see if I was willing to go to southern Texas or Florida with him. I told him yes, I would go with him anywhere, and to tell Mr. Younger."

(3) The court did not err in refusing to exclude this testimony for the appellee afterwards proved by the testimony of witness Sweeney that he was requested by Younger to see appellee and to ascertain if she was willing to go with him to Texas. The statements of appellee to which appellants objected were but responsive to

the inquiries made of her by Sweeney at the request of Younger. It was competent on the issue as to whether the separation agreement had been abrogated to prove that Younger after the separation agreement, had requested the appellee to go with him to Texas, and to show what the appellee said in response to such request.

IV. Appellee over the objection of appellants, was permitted to testify as follows: "I made preparation to get a house or a place to take my husband to. I went to see Joe Limberg about a place, and he told me he had one which would just suit me. I first went to see the place and had practically decided to take the place, but did not take it because the title was not good. I think it was about the first of January, 1911, I went to see Mr. Limberg. I made preparations to leave Fort Smith. I had made all preparations to go to southern Texas with Mr. Younger. The place in southern Texas I made preparations to go to was near Houston. I had made arrangements to leave at the time I was taken sick along in January, when he was in the hospital the last time."

(4) This testimony was self-serving and prejudicial. *Hamburg Bank* v. *George*, 92 Ark. 472, and authorities there cited. See *Fechheimer-Kiefer Company* v. *Kempner,* 116 Ark. 482. The testimony tended to prove by appellee's own acts and words her contention that the separation agreement had been abrogated.

(5) The testimony of appellee as to when and where she and Younger were married, how long they had lived together before the separation, and as to the separation agreement, even though incompetent, was not prejudicial, for the reason that the facts that were material which this testimony tended to prove, were established by other evidence which was competent and undisputed. *Bispham* v. *Turner*, 83 Ark. 331. See also, *Standard Life & Accident Ins. Co.* v. *Schmaltz,* 66 Ark. 588; *Benson* v. *State,* 103 Ark. 87; *LeGrand* v. *State,* 88 Ark. 135.

(6) V. Appellants offered to prove by several witnesses certain declarations of Younger made during, and a short time subsequent to the time, when it was claimed

by appellee that the separation agreement had been abrogated, tending to show that there had been no abrogation of such agreement. These were in the nature of self-serving declarations, and the ruling of the court in excluding them was correct. The appellants' heirs are privies in blood and estate with Samuel Younger, deceased. It was competent however for appellants to prove transactions of the deceased Younger with third parties that in their nature were not self-serving, and which tended to show that the separation agreement had not been abrogated. Such testimony does not contravene section 2 of the schedule of our Constitution.

(7) VI. The court did not err in permitting certain witnesses to testify in regard to conversations with Samuel Younger after the time of the alleged abrogation of the separation agreement, showing acts and declarations by him, tending to prove that such agreement had been abrogated. These were in the nature of declarations against interest, and appellee, the opposite party in the suit, against those claiming under Samuel Younger, was entitled to show the acts and declarations of Samuel Younger that tended to establish that such separation agreement had been abrogated.

VII. Appellants offered to prove by witness P. A. Ball the date of payment of a note for $525 executed by Samuel Younger to Amanda V. Younger. When this testimony was offered, the court remarked: "If you undertake to prove the date, they propose to show why it was paid, and the court will permit them to do so." The appellants thereupon objected to the ruling of the court, and did not introduce the testimony. There was no error prejudicial to appellants in the ruling of the court. If appellants had made the proof, then testimony, not given by the appellee herself, showing why the note was paid, would have been competent, and we must assume that the appellee would have only been permitted by the court to make such proof by competent testimony.

VIII. The court erred in permitting appellee herself to testify as to the services that she rendered for her hus-

band, Younger, while he was in the hospital; that she fed
him, gave him his baths, laundered his clothes, and "did
just the same for him as if I had had him in the house
with me, as much as any wife could have done."

(8) This testimony related to transactions with the
deceased husband and this is a suit by the appellee in
which the executor, among others, is a party, and in which
judgment may be rendered for or against the executor,
because it is a controversy in regard to personal prop-
erty which is in his possession.

Therefore, the admission of the above testimony vio-
lated the provision of section 2 of the schedule of the Con-
stitution to the effect that in civil actions against execu-
tors, in which judgment may be rendered for or against
them, neither party shall be allowed to testify against the
other as to any transaction with the testator unless called
to testify by the opposite party.

In *Williams* v. *Walden*, 82 Ark. 136, we said: "The
appellee testified in his own behalf as to the services he
performed in nursing his father. The testimony of ap-
pellee related to transactions had with the intestate by
which appellee attempts to recover upon the strength of
a contract, express or implied, to pay for such services.
* * * The testimony was improper." Citing cases.

The services which appellee testified she rendered
her husband in this connection might have been contro-
verted by the deceased, Younger, had he been living. See
*Josephs* v. *Briant*, 108 Ark. 171.

(9) IX. Appellants contend that the evidence was
insufficient to sustain the verdict. As was said by us on the
former appeal, "It could serve no useful purpose to set
out in detail the testimony tending to show on the one
hand that the contract was abrogated and on the other
that it was not. We are of the opinion that there was tes-
timony to warrant a finding that the contract had been
abrogated by the appellee and her husband in again as-
suming the marital relation, and that they sustained this
relation to each other at the time of his death."

The testimony in this record is sufficient to sustain the verdict. As to whether or not the separation agreement had been abrogated was, under the evidence, an issue of fact for the jury, and the burden was upon the appellee to show that such agreement had been abrogated.

X. The last contention of appellants is that the court erred in its rulings upon instructions. We find no error in this regard, and no useful purpose could be served in discussing the rulings of the court in detail.

For the errors indicated, in admitting incompetent testimony, the judgment will be reversed and the cause remanded for a new trial.