RAYMOND *v.* RAYMOND.

Opinion delivered June 10, 1918.

1. PROBATE COURTS—JURISDICTION—TITLE TO PROPERTY.—The probate court has jurisdiction to discover the property of an estate and to order a delivery to the personal representative of deceased, where title is not involved; but the probate court has no power to adjudicate the right of possession where the party in possession claims ownership.

2.  ADMINISTRATION—SUIT BY WIDOW TO RECOVER PERSONAL PROPERTY.—
    Where there are no minor children, an action by deceased's widow
    as administratrix to recover personal property belonging to the
    estate will bar a subsequent suit by the same plaintiff as widow.

3.  EVIDENCE—SELF-SERVING DECLARATIONS OF DECEASED—DECLARA-
    TIONS AGAINST INTEREST.—In an action by an administratrix to
    recover personal property alleged to belong to the estate, self-
    serving declarations of deceased, made during his last illness,
    tending to show that he never parted with title to the property,
    are inadmissible; but declarations made by deceased against his
    interest, tending to show that he had parted with title, and made
    at a different time, are admissible.

4.  APPEAL AND ERROR—SELF-SERVING DECLARATIONS—PREJUDICIAL ER-
    ROR.—Prejudice created by the admission of incompetent testi-
    mony, namely, self-serving declarations, is not removed when
    other testimony to the same effect is admitted, there being a con-
    flict in the testimony in the whole case.

5.  EVIDENCE—DECLARATION—TITLE TO PROPERTY—ACTION BY ADMIN-
    ISTRATRIX.—In an action by an administratrix to recover certain
    personal property, alleged to belong to the estate, testimony by
    a third party as to declarations of deceased, made in defendant's
    absence, is incompetent.

6.  EVIDENCE—ACTION BY ADMINISTRATRIX—TITLE TO PERSONAL PROP-
    ERTY.—In an action by an administratrix to recover certain per-
    sonal property, a letter written by the administratrix, is incompe-
    tent, as tending to show an admission by the administratrix that
    title to the property was in the defendant.

Appeal from Baxter Circuit Court; *J. B. Baker,*
Judge; reversed.

*Williams & Seawel,* for appellant.

1.  The court erred in its action with reference to
the plea of *res adjudicata* and former suit pending.    94
Ark. 276; 40 *Id.* 558; 110 *Id.* 117-121.    A judgment, how-
ever erroneous, is binding unless reversed on appeal.    66
Ark. 629; 8 *Id.* 318; 31 *Id.* 187; 35 *Id.* 211; 25 *Id.* 108.    The
appeal and supersedeas of the probate judgment did not
have the effect of vacating same but only stayed proceed-
ings thereunder.    76 Ark. 486; 11 *Id.* 675; 45 *Id.* 373.

The judgment in the probate court, having adjudged
title in the property, appellee is precluded from again liti-
gating the question in another court.    Her right to de-
livery was stayed by the appeal and bond, and she could

not dismiss her cause of action. 29 Ark. 81; 45 *Id.* 375; 84 *Id.* 213.

2. The court erred in refusing to direct a verdict for defendant because the value of the property of her decedent was shown to have been less than $300.

3. The court erred in its admission of testimony and in its refusal to admit certain testimony. 126 Ark. 618, 622. Self-serving declarations are not admissible. 123 Ark. 272; 70 *Id.* 541, etc.

4. The court erred in giving and refusing instructions. 56 Ark. 450; 75 *Id.* 336; 8 *Id.* 510; 91 *Id.* 240; 62 *Id.* 592; 119 *Id.* 215; 104 *Id.* 67; 200 S. W. 281; 104 Ark. 130, 134; Cobbey on Replevin, § 517. The instructions do not state the law, and they are misleading and conflicting.

*S. W. Woods,* for appellee; *Dyer & Alley,* of counsel.

1. There was no error in refusing to sustain the plea of *res adjudicata* and former suit pending. The probate court had no right nor jurisdiction to try property rights. Kirby's Digest, § § 60, 62; 15 Ark. 381; 110 *Id.* 117. On appeal the trial in the circuit court was *de novo.* Kirby's Digest, § 1351; 63 Ark. 145. The circuit court could only render such judgment as the probate court could have rendered. 52 Ark. 502; 110 *Id.* 117. Appellee had the right to dismiss her cause of action. 110 Ark. 117. The suits were for different purposes and under different jurisdictions and did not conflict and the pendency of one was no bar to the other. 52 Ark. 416; *Ib.* 502, etc. 66 Ark. 623 has no application.

2. There was no error in refusing to direct a verdict because the personal property of decedent was less than $300. The question of value of the estate was not an issue. The record fails to show that there were any minor children. If Raymond had left any the title would have gone to them jointly with the widow, and being minors they could not have waived title. 37 Ark. 316; 29 *Id.* 633. But the widow could waive or abandon her rights. 48 Ark. 230; 55 *Id.* 572. By bringing this suit

she waived any right she had to the estate under section 3, Kirby's Digest, and appellant had no right to complain. 64 Ark. 213.

3.    The court did not err in admitting or refusing to admit testimony.    Declarations of the owner of property as to title to it while in his possession are competent evidence.    33 Ark. 207; 91 *Id.* 240; 77 *Id.* 309; 96 *Id.* 589. But if so, there was no prejudice as the facts and ownership were otherwise established by competent testimony.

4.    There is no error in the instructions given or refused.    They are not conflicting and as a whole declare the law.

McCULLOCH, C. J.    The plaintiff, Mrs. E. B. Raymond, instituted this action as administratrix of the estate of her deceased husband, Charles Raymond, against Andrew Raymond, before a justice of the peace to recover possession of two mules, one wagon and a set of harness, of the alleged aggregate value of $265, and the case was tried in the circuit court of Baxter County on appeal from the judgment of the justice of the peace.    The plaintiff prevailed in the trial below and the defendant appealed.

On the trial of the cause before a jury the plaintiff introduced testimony tending to show that the property in controversy belonged to her husband, Charles Raymond, who died on August 12, 1916, and that the day after her husband's death the defendant, who was her husband's brother, wrongfully and without permission took the property away from the premises where the decedent died and wrongfully detained the same.    The defendant asserted title to the property under a purchase from his brother, the decedent, and introduced testimony tending to establish his claim.    The testimony so introduced by the defendant tended to show that about a month before Charles Raymond died he sold the property in controversy to defendant for an agreed price of $300, and made delivery in accordance with the terms of the sale, and that all of the purchase price had been paid except $46.05.    The testimony thus adduced tended to explain

the fact that the mules were at the premises of the deceased on account of the defendant visiting the place and that defendant had taken the stock with him during the critical illness of deceased just a few days before his death, and that when defendant left the premises at the time or immediately after the funeral he took the property away.

It is conceded that the property formerly belonged to decedent and was on his premises at the time of his death, and the only issue in the case was whether or not there had been a sale of the property by deceased to defendant according to the latter's claim.

When the cause was ready for trial in the circuit court defendant entered a special plea of the pendency of another action between the same parties, and in support of the plea introduced a record of statutory proceedings in the probate court in which the defendant, at the instance of the plaintiff as administratrix, had been cited to appear before that court and make disclosure of property of the estate in his possession. Kirby's Digest, § § 60, 61, 62. The record introduced showed that at the hearing of the proceedings the probate court found that the defendant was wrongfully withholding the property and directed him to deliver the same to the administratrix. The court overruled the plea and defendant saved exceptions to the ruling.

(1) The proceedings in the probate court were for an altogether different purpose and that court had no jurisdiction of a suit to recover possession of the property. The jurisdiction of the court was limited to a discovery of the property and an order to deliver the same to the personal representative of the decedent where there was no claim of ownership on the part of the person holding possession, but the court had no power to adjudicate the right of possession where there was a claim of ownership on the part of the person in possession. *Moss* v. *Sandefur,* 15 Ark. 381; *Fancher* v. *Kenner,* 110 Ark. 117. The ruling of the court was, therefore, correct.

(2)   It is next contended that the court erred in refusing to direct a verdict in favor of defendant on the ground that the proof showed that the property in controversy was less than $300 in value, and that the title thereto passed directly to the widow and minor children under the statute (Kirby's Digest, § 3), and that the right of action for recovery of the property existed in favor of the widow and minor children, and not the personal representative of the decedent.   Counsel for defendant cite the case of *Bertig* v. *Higgins,* 89 Ark. 70, in support of that contention.   It does not appear in the record that there are any minor children of the decedent and institution of the action by the widow in her capacity as personal representative of the decedent operated as a waiver of her exclusive right to sue for the possession of the property.   Defendant is not subjected to the danger of another suit instituted hereafter by the widow, for a decision in the present case concerning the ownership of the property is a bar to any further action by the widow.

Error of the court is assigned in permitting the plaintiff to introduce testimony as to statements made by the decedent during his last illness to the effect that he had not sold the property to the defendant.   Those statements were purely self-serving declarations of the decedent and were incompetent.   *Carter* v. *Younger,* 123 Ark. 266.

(3-4)   Defendant introduced testimony tending to show admissions on the part of decedent that he had sold the property to the defendant, and the trial court seems to have taken the view that the admission of that testimony opened the way for the plaintiff to prove other declarations made by the deceased to the effect that he had not sold the property.   The two classes of declarations fall under different rules of evidence.   Declarations against interest are always competent against the declarant and his privies.   *Peters* v. *Priest. ante* p. 161.   But self-serving declarations made at a different time and place from those made against interest are not competent.   This

error of the court is prejudicial and calls for a reversal of the cause, for there was a sharp conflict in the testimony, and we have no means of ascertaining to what extent the incompetent testimony influenced the jury. The fact that there was other testimony tending to support the verdict in plaintiff's favor does not show that there was no prejudice because there was a conflict in the testimony and we do not know what the verdict would have been if the improper testimony had been excluded. The fact that there was other testimony does not remove the prejudicial effect of the introduction of improper testimony unless that testimony was undisputed. *Carter* v. *Younger, supra.*

(5) The court also committed error in permitting plaintiff to prove the statements of one Hopson, said to have been made in the absence of defendant, to the effect that defendant sent him (Hopson) to deceased to hire the mules. This testimony was clearly incompetent as a declaration of a third party made in the absence of the party sought to be charged. *Hamburg Bank* v. *George,* 92 Ark. 472; *The Fechheimer-Kiefer Co.* v. *Kempner,* 116 Ark. 482.

(6) Counsel also assign as error the refusal of the court to allow the defendant to prove the contents of a letter written by plaintiff to a Doctor Snead, in which it is claimed she made an admission that defendant had purchased this property from decedent. The issue in the case was whether or not the purchase had been made by defendant from the deceased, Charles Raymond, and the admissions of the widow and administratrix had no bearing on that issue. The evidence might, under some circumstances, have been competent by way of impeachment of plaintiff as a witness, and the court offered to allow the testimony to go in for that purpose, but defendant declined the permission and insisted on the testimony going before the jury as substantive proof of an admission

on the part of plaintiff as to the ownership of the property. There was no error in this ruling of the court.

The instructions given by the court at the instance of the parties were unnecessarily numerous, for there was but one issue in the case to submit to the jury and that was whether or not there had been a completed sale of the property to defendant by the deceased so as to pass title. Defendant requested the court to give an instruction, which was entirely abstract, defining what constituted a contract between the parties, and the court might very well have refused the instruction outright, but instead of doing so it modified the instruction so as to add a qualification that the defendant must have performed the contract before he could prevail in this action. The modification was erroneous, for defendant admitted that he owed a small balance on the purchase price, and the jury might have understood that this fact would prevent him from asserting the right to hold the property which he had purchased from the decedent even though the contract of purchase had been consummated by a delivery.

The same error was committed in the modification of another instruction.

For the errors indicated, the judgment will be reversed and the cause remanded for a new trial.