[L. A. No. 5733. Department Two.—November 20, 1918.]

In the Matter of the Estate of MELVIN CLOVER, Deceased. NELLIE J. CLOVER, · Appellant, v. LEWIS P. HATHAWAY et al., Respondents.

HUSBAND AND WIFE—SEPARATION AGREEMENT—VALIDITY OF.—A separation agreement between a husband and wife reciting in substance that the parties have determined that the relationship of husband and wife cannot continue any longer to their mutual satisfaction and that for other reasons such relationship cannot continue with the degree of happiness, respect, and esteem that each of the parties deem should exist, is not in violation of law, but is expressly authorized by section 159 of the Civil Code.

ID.—RECONCILIATION—EVIDENCE—DECLARATIONS.—On an application for letters of administration by the widow of a deceased person between whom and the deceased a separation agreement had been entered into, the widow claiming that the agreement was void as in contravention of law and also abrogated by a reconciliation, declarations of the deceased made prior to the alleged reconciliation, to the effect that he wished the wife would not come any more, that he did not want to have anything to do with her, and that she was bothering him the same as she did before they were married, were admissible to show the attitude of the deceased and the improbability of the reconciliation. The declarations were in no sense self-serving.

APPEAL from an order of the Superior Court of Ventura County appointing administrators. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Argabrite & Drapeau, for Appellant.

Orr & Gardner, and Bowker & Sheridan, for Respondents.

WILBUR, J.—This is an appeal from an order appointing respondents administrators of the estate of the deceased, who was the husband of Nellie J. Clover, appellant. The refusal of letters of administration to the widow of the deceased was based upon an agreement of separation entered into between them in May, 1913, six months after their marriage. Appellant concedes that if the agreement of separation is valid and

binding, she is not entitled to letters of administration, but claims that it is invalid, as against public policy, and, if valid in the first instance, that it has been abrogated by reason of a reconciliation between the parties. Her contention that the separation agreement is void is based upon the proposition that the contract undertook to do more than merely agree to a separation. The recitals in said contract are made the basis of this claim and are as follows: "Whereas the said parties hereto have now determined between themselves that such relationship of husband and wife cannot be continued for any longer period of time to the mutual satisfaction of either of said parties hereto, and other reasons existing at this time by reason of which the said parties cannot live together in the relationship of husband and wife with the degree of happiness, respect and esteem that each of said parties deem should exist in such relationship: and—" This recital contains no contract between the parties in violation of the law. It is merely stated as a basis for the agreement which follows for a separation and division of their property and an adjustment of their future property rights. Such a contract is expressly authorized by section 159 of the Civil Code. With reference to the claim of reconciliation between the parties, it is sufficient to say that the fact of reconciliation depends upon the truth of appellant's testimony, and the trial court found against the appellant. We are not, therefore, required to determine whether or not such testimony, if true, would establish a reconciliation, nor whether such reconciliation, if established, would so far abrogate the agreement between the parties as to entitle the appellant to administer upon the estate of the deceased.

Appellant claims that error was committed on the trial of the case by overruling her objections to the testimony of a witness as to declarations made by the deceased prior to the alleged reconciliation. On December 1st the witness testified that the deceased said concerning his wife, "He told me he wished she wouldn't come any more, and again at the same time he did not want to have anything to do with her and she was bothering him the same as she did before they were married." This declaration was admissible solely for the purpose of showing the attitude of the decedent a short time before the reconciliation, alleged to have occurred about December 1st. It went to the probability of such reconciliation

and comes within the principle announced in *Estate of Walker*, 176 Cal. 402, [168 Pac. 689], where it was said: "The objection that the trial court erred in permitting evidence of the conduct of Walker and his wife toward each other and of declarations connected with such conduct goes more to the weight thereof than to its competency. . . . we cannot say that such evidence was erroneously admitted." These declarations were in no sense self-serving declarations. The case of *Carter* v. *Younger*, 123 Ark. 266, [185 S. W. 435], was a case where declarations of the decedent made after the alleged agreement of reconciliation were received in evidence as proof that no such reconciliation had occurred, but this case has no application to the declarations admitted in the instant case.

Order affirmed.

Melvin, J., and Lorigan, J., concurred.