[Sac. No. 5433. In Bank. July 9, 1942.]

MRS. BEN WHITLOW, as Executrix, etc., Respondent, v. CARRIE E. DURST, Appellant.

CENTRAL AND SOUTHERN PACIFIC RAILROAD EMPLOYES' MUTUAL BENEFIT ASSOCIATION (a Corporation), Plaintiff, v. CARRIE E. DURST, Appellant; MRS. BEN WHITLOW, as Executrix, etc., Respondent.

J. Everett Barr, Tebbe & Correia, Samuel Freidman and J. P. Correia for Appellant.

Carter, Barrett & Carlton, Oliver J. Carter and Daniel S. Carlton for Respondent.

TRAYNOR, J.—In July, 1938, Charles and Carrie Durst separated and executed a property settlement under which she transferred to him her interest in two insurance policies upon his life. He died a month later leaving a will bequeathing the proceeds of the policies to his sister and executrix in trust for his mother.

Two actions were brought on the policies. In the first the executrix seeks to recover from Mrs. Durst the proceeds of one policy paid to her by the insurer. The second is brought by the other insurer in interpleader, who paid the amount of the policy into court. In both actions the executrix claims the proceeds under the property settlement and decedent's will. Mrs. Durst claims that the agreement was revoked by a reconciliation with her husband on July 16, 1938, and that decedent made a gift of the policies to her. While several witnesses corroborated her testimony that there had been a reconciliation, several other witnesses gave testimony indicating that there had been no reconciliation, and her testimony was the only evidence of a gift. The trial court resolved the conflict in the evidence and found that there had been no gift or reconciliation and entered judgment for the executrix. Mrs. Durst appeals.

There is ample evidence to support the findings of the trial court, but appellant urges that the court erroneously admitted testimony that shortly after the alleged reconciliation decedent declared that he and his wife were still separated and would never be reconciled. It is argued that these statements were hearsay, self-serving because they were made after the alleged reconciliation, and therefore incompetent as evidence, and that their admission constituted prejudicial error.

When intent is a material element of a disputed fact, declarations of a decedent made after as well as before an alleged act that indicate the intent with which he performed the act are admissible in evidence as an exception to the hearsay rule, and it is immaterial that such declarations are self-serving. Thus, in cases involving the delivery of deeds, declarations of the alleged grantor made before and after the mak-

ing of the deed are admissible upon the issue of delivery, and it is immaterial that such declarations are in the interest of the party producing them. (*Williams* v. *Kidd*, 170 Cal. 631 [151 Pac. 1, Ann. Cas. 1916 E. 703]; *Donohue* v. *Sweeney*, 171 Cal. 388 [153 Pac. 708]; *De Cou* v. *Howell*, 190 Cal. 741 [214 Pac. 444]; See, McBaine, *Admissibility in California of Declarations of Physical or Mental Condition*, 19 Cal. L. Rev. 231, 251). Likewise, in gift cases declarations made by the grantor before, contemporaneously, and subsequent to the alleged gift are admissible though the statements be self-serving. (*Sprague* v. *Walton*, 145 Cal. 228 [78 Pac. 645].) In alienation of affections cases declarations of an alienated spouse subsequent to the defendant's alleged tortious acts are admissible as evidence of the spouse's state of mind. (*Adkins* v. *Brett*, 184 Cal. 252 [193 Pac. 251]; *Cripe* v. *Cripe*, 170 Cal. 91 [148 Pac. 520].)

The intention of the parties is a material element in determining whether there has been a reconciliation between husband and wife. (*Estate of Boeson*, 201 Cal. 36 [255 Pac. 800]; *Estate of Clover*, 179 Cal. 313 [176 Pac. 452]; *Ruggles* v. *Bailey*, 15 Cal. App. (2d) 555 [59 P. (2d) 837]; *Gump* v. *Gump*, 42 Cal. App. (2d) 64 [108 P. (2d) 21].) Declarations made by a husband before an alleged date of reconciliation are admissible as bearing upon his state of mind and the probability of such reconciliation. (*Estate of Clover, supra*). In accordance with the principles set forth in the foregoing cases, declarations made by him a few days after the alleged reconciliation has taken place are likewise admissible.

The case of *Carter* v. *Younger*, 123 Ark. 266 [185 S. W. 435], which is contrary to the position here taken, was not approved in *Estate of Clover, supra*, as appellant contends. The Clover case involved declarations made before and not after an alleged date of reconciliation and the Carter case was simply distinguished on that ground.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Ward, J., pro tem., concurred.

Carter, J., did not participate herein.

Appellant's petition for a rehearing was denied August 6, 1942. Carter, J., did not participate therein.