[Civ. No. 5573. First Appellate District, Division Two.—June 11, 1926.]

## ONA E. LANE, Respondent, v. PERCY A. LANE, Appellant.

[1] DIVORCE—EXTREME CRUELTY — EVIDENCE — CORROBORATION — CON-FLICT.—In this action for divorce, the complaint having stated eleven specifications of cruelty, some of the charges being mental cruelty and others physical cruelty, and plaintiff having presented some evidence touching every one of the charges pleaded and having introduced corroboration as to some of the charges of mental and physical cruelty, the power to reconcile any conflicts between that evidence and the evidence introduced on behalf of defendant rested with the trial court, and in the absence of a showing of abuse of its power, the findings of the trial court in favor of plaintiff were conclusive.

[2] ID. — DISMISSAL OF PRIOR ACTION — FALSE CHARGES — EXTREME CRUELTY—CROSS-COMPLAINT—FINDINGS. — Where the wife commences an action for divorce on the ground of cruelty but dismisses the same, and later brings a new action setting forth the same and some additional charges of cruelty, the defendant is not entitled to a divorce upon his cross-complaint wherein he pleads the commencement and dismissal of the prior action and that the allegations of the prior complaint were false and untrue, if the trial court finds that the allegations of the complaint were true and not false.

[3] ID. — LETTERS — WEIGHT OF EVIDENCE — DISCRETION — APPEAL. — In such action for divorce, assuming letters written by the wife are of great weight, they are not conclusive evidence, but the weight of the evidence is for the consideration of the trial court, and its conclusion may not be disturbed on appeal except in those instances where it has abused its discretion.

[4] ID.—PROPERTY SETTLEMENT AGREEMENT—CONTRA BONOS MORES.—Where a property settlement agreement leaves the husband free to inflict upon his wife the most grievous marital wrongs, such as would compel her to obtain a divorce, secure in the protection of his contract that a specified sum of money will satisfy all her claims against him of a pecuniary nature or in relation to his property, the contract is *contra bonos mores* and should be set aside.

1. See 9 Cal. Jur. 781.
3. See 9 Cal. Jur. 780, 781; 9 R. C. L. 470.

[5] ID. — SEPARATION — INTENT — EVIDENCE — FRAUDULENT REPRESEN-
TATIONS.—Where such property settlement agreement is silent as
to whether the parties were living together or living separate and
apart, and is likewise silent as to whether said parties in the future
intended to live together or intended to live separate and apart, but
the wife pleads, and the trial court finds, that at the time of
the execution of said agreement the parties were living separate
and apart without her consent, that the husband promised that,
if she would execute the instrument, he would thereupon return
to her and that thereafter they would live together continuously
as man and wife, and that said promise was so made by him
without any intention of performing it, the trial court may prop-
erly hold such agreement invalid and unenforceable.

[6] ID.—ESTOPPEL—SUPPLEMENTAL PLEADING AFTER TRIAL—EVIDENCE.
In such action for divorce, where some three months after the
case was tried defendant filed a cross-complaint purporting to
plead an estoppel, by setting forth that after the trial he made
certain payments to plaintiff, and that said payments were accepted
and received by her as payments on the property settlement agree-
ment, with full knowledge of all the facts alleged in her complaint
and in her answer to his cross-complaint, the trial court did not
err in sustaining plaintiff's objection to defendant's attempt
thereafter made in open court to introduce letters and checks in
support of his said supplemental pleading, where such proof did
not in law support the pleading.

(1) 19 C. J., p. 193, n. 32.    (2) 19 C. J., p. 193, n. 32.    (3) 19
C. J., p. 193, n. 32.    (4) 13 C. J., p. 465, n. 88 New; 30 C. J., p. 1059,
n. 7.    (5) 30 C. J., p. 1059, n. 7.    (6) 19 C. J., p. 195, n. 40.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  Paul Burks, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Meserve & Meserve and Porter & Sutton for Appellant.

John E. Biby and Harry C. Biby for Respondent.

STURTEVANT, J.—The plaintiff commenced an action
against her husband to obtain a decree of divorce.  The trial
court made findings in her favor and from the judgment
entered thereon the defendant has appealed under section
953a of the Code of Civil Procedure.

5.  See 9 Cal. Jur. 822.

After the defendant was served with process he appeared and filed an answer putting in issue the allegations of the plaintiff's complaint and at the same time he filed a cross-complaint. The plaintiff answered the cross-complaint and the trial in the lower court covered all of the issues made by all of the pleadings.

[1] The first point made by the appellant is that the plaintiff's charges were not sustained, were not true, and were not corroborated. In reply it is sufficient to state that in her complaint the plaintiff stated eleven specifications of cruelty and that some of the specifications contained numerous different acts. No reason appears why any one of said allegations should be quoted. It is sufficient for the purposes of this opinion to state that some of the charges were charges of mental cruelty and some of the charges were charges of physical cruelty. In presenting her case the plaintiff introduced some evidence touching every one of the charges pleaded. She did not introduce corroboration regarding each and every charge, but she did introduce corroboration as to some of the charges of mental cruelty and some of the charges regarding physical cruelty. The trial court made findings in her favor. The utmost that can be said in behalf of the appellant is that there was a conflict as to some of the evidence. However, the power to reconcile the conflicts in the evidence rested with the trial court and the appellant has not called our attention to any instance where the trial court abused its power.

[2] The appellant complains because the trial court ruled against him regarding the allegations contained in his cross-complaint. Before proceeding further it is proper to state that the parties were married on the ninth day of August, 1921. This action was commenced by the filing of plaintiff's complaint on August 22, 1923. The cross-complaint was filed on the twenty-eighth day of September, 1923. In that paper, among other things, the defendant alleged that on the twenty-fifth day of November, 1921, the plaintiff commenced an action in divorce against him and in her complaint set forth a large number of charges of extreme cruelty which the appellant proceeded to quote and then he followed with the allegation that said allegations were false and untrue. The appellant then asserts that the very act of one spouse filing a complaint in divorce against the other when

the complaint consists of vile, improper, and false charges
is in and of itself an act of cruelty. Thereupon appellant
contends that the cross-complaint should have been sustained.
The vice contained in this argument rests in the fact that so
far as this record is concerned the charges appear to be true
and not to be false. As stated above, the earlier action was
one pleading a cause of action as for divorce based on the
ground of cruelty. The complaint specified the acts. That
action was dismissed. However, when this action was com-
menced, the plaintiff again pleaded the same allegations
which she had inserted in her former pleading and added
some others. A trial was had in which proof was introduced
both in support of all of those allegations and in contradic-
tion of them. In so far as appellant's pleading was con-
cerned the trial court made findings against the appellant
which in effect was a holding that the allegations were true
and not false, and in the second place the trial court made
findings on the allegations contained in the main complaint
in which the trial court held that the allegations in that
pleading were true and not untrue as contended by the ap-
pellant. Regarding the allegations set forth in the cross-
complaint, the most that can be said in favor of the appel-
lant is that the evidence was conflicting. But, as the trial
court made findings against the appellant, those findings are
conclusive in this court.

[3] As to the allegations and denials contained in the
respondent's pleadings, the appellant contends that they are
not worthy of belief. In support of this contention the
appellant has printed many passages from many letters
written by the respondent. However, those letters are not
conclusive evidence. Assuming that they were of great
weight, the weight of the evidence was for the consideration
of the trial court, and the conclusion of that court may not
be disturbed by this court excepting in those instances where
the trial court has abused its discretion. There is nothing
in the record before us showing that the trial court abused
its discretion in any respect whatsoever.

[4] After one of their numerous difficulties the parties
were living separate and apart. While so living certain
conversations were had between the husband and wife
regarding their property rights. Later the husband's at-
torney prepared a formal written instrument on that sub-

ject. Still later that written instrument was exhibited to
the wife's attorney. Still later it was executed by both
parties. By the terms of that instrument the husband
agreed to pay the wife $5,000. "It is understood and agreed
by and between the parties hereto that the payment of the
sum hereinbefore mentioned shall be in lieu and place of
any other support which the party of the second part (wife)
might be entitled to by virtue of the marital relations ex-
isting between the parties hereto. . . . The party of the
second part agrees that all property now owned by said
party of the first part is his separate property and she does
hereby relinquish all claims or right to said property, to all
future earnings of the party of the first part and to all
property which he may hereafter acquire in any manner,
and said earnings and said property shall be and remain the
separate property of said party of the first part. . . . It is
further understood and agreed by both parties hereto that
the provision hereby made for the party of the second part
shall constitute a full and complete satisfaction of all claims
and demands of the party of the second part against the
party of the first part." The instrument is entirely silent
as to whether the parties were living together or were living
separate and apart, and is likewise silent as to whether said
parties in the future intended to live together or intended
to live separate and apart. In framing her complaint the
wife set forth the execution of said document and pleaded
the whole thereof *in haec verba.* In connection with those
allegations she set forth that, at the time the instrument was
executed, the parties were living separate and apart with-
out her consent, and that the husband promised if she
would execute the instrument, that thereupon he would
return to her, and that thereafter they would live together
continuously as man and wife; she further pleaded that said
promise was so made by him without any intention of per-
forming it, etc. All of the allegations made by the plain-
tiff were by the trial court found to be true and, as a con-
clusion of law, that said agreement should be set aside.
Thereafter the trial court, as a part of its interlocutory
decree, made its order that the appellant should thereafter
pay to the respondent "$500 when this judgment is entered,
and the further sum of $500 quarter annually thereafter."
The appellant earnestly challenges the findings and judg-

ment in so far as they affect the validity of said agreement and earnestly contends that said agreement should be upheld and enforced. The respondent calls to our attention many of the facts recited above and thereupon advances the contention that the written instrument was not that kind of a contract that is authorized by sections 158 and 159 of the Civil Code, but that the instrument left the husband free to inflict upon his wife the most grievous marital wrongs, such as would compel her to obtain a divorce, secure in the protection of his contract that $5,000 would satisfy all her claims against him of a pecuniary nature or in relation to his property, and that contracts of that kind are *contra bonos mores.* (*Pereira* v. *Pereira,* 156 Cal. 1, 4 [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488].) In this behalf we think the contention of the respondent is well founded. **[5]** Moreover, the respondent cites the allegations of her pleading, her proof introduced in support thereof, and the findings of the trial court that the allegations are true—that the property settlement was made upon the promise of the appellant that the husband and wife should come together and thereafter continue to live together as husband and wife and that said promise was made by the husband without any intention of performing it. Thereupon the respondent advances the further contention that if she is in error in relying upon the doctrine stated in *Pereira* v. *Pereira, supra,* nevertheless that the property agreement was invalid and unenforceable because it was obtained through an act of actual fraud. (Civ. Code, sec. 1572, subd. 4.) We think the second contention so advanced is also supported by the facts contained in this record.

**[6]** The appellant relies on certain facts as constituting an estoppel. The alleged property settlement was signed January 6, 1922. This action was commenced August 22, 1923. On October 1, 1923, the trial court made an order *pendente lite* directing the husband to pay the wife $200 per month. Thereafter, commencing January 4, 1924, the trial was had. On April 24, 1924, the appellant filed a cross-complaint purporting to plead the alleged estoppel. Said pleading was as follows: "That since the filing of his cross-complaint defendant and cross-complainant has paid to plaintiff the sum of $1,500 under that certain agreement referred to in

Paragraph V of cross-complainant's cross-complaint; that said sum of $1,500 was paid in installments at the following times and following amounts, to wit: October 1, 1923, $500; November 1, 1923, $200; December 1, 1923, $200; December 31, 1923, $200; February 1, 1924, $200; March 19, 1924, $100; April 1, 1924, $100; that defendant and cross-complainant has made payment in full of the $5,000 called for by said agreement; that said payment of $100 made on the 19th day of March, 1924, as aforesaid, and said payment of $100 made on the 1st day of April, 1924, as aforesaid, were expressly made as payments on said agreement and were accepted and received by said plaintiff and defendant to cross-complaint with full knowledge of all the facts alleged in her complaint and in her answer to defendant's cross-complaint, and are still retained by said plaintiff and cross-defendant; that said plaintiff and cross-defendant, by so accepting, receiving, and retaining said payments, and also the payments theretofore made on said agreement is estopped from denying the validity of said agreement."
Thereafter on the nineteenth day of May, 1924, the appellant in open court attempted to introduce letters and checks in support of the allegations of his supplemental cross-complaint. On the objection of the respondent the proof was excluded. The appellant assigns that ruling as error. In support of the ruling the respondent cites and relies on the case entitled *Imperial Land Co.* v. *Imperial Irr. Dist.*, 173 Cal. 668 [161 Pac. 116]. Turning to page 673 respondent quotes as follows: "Furthermore, since a supplemental pleading is proper only in aid of the case made by the original complaint, relief cannot be granted upon a supplemental complaint, where the proof shows that the plaintiff had no cause of action when his original complaint was filed. 'If a party has no cause of action at the time of the institution of his action he cannot maintain it by filing a supplemental complaint found on matters which have subsequently occurred.'" Thereupon respondent argues that for the same reason the appellant had no cause of defense based on the alleged estoppel when he filed his cross-complaint and that he could not better his condition by waiting until after the cause had been tried and submitted and then file a supplemental cross-complaint. We do not think it is necessary to pass on the point. Conceding, without decid-

ing, that an estoppel was pleaded, we are of the opinion that the proof offered in support did not in law support the pleading. The payment evidenced by a check dated February 1, 1924, was forwarded to respondent's attorney by appellant's attorney, together with a letter as follows: "Find enclosed herewith Mr. Lane's check in favor of your client Mrs. Lane $200. The order made in reference to alimony contains a provision that these payments of $200 were to be made up to only the time of the trial, so that Mr. Lane does not consider that he is under any legal obligation to pay Mrs. Lane at this time anything on account of alimony. However, we desire it distinctly understood that in the event the property agreement is approved by Judge Burks, this $200 will apply as a payment on said agreement and it is on this condition that we are making you this payment." The condition stated never arose. On March 19, 1924, Mr. Lane drew a check in favor of Mrs. Lane for $100. His attorney sent it to her attorney with a letter as follows: "I have just received from Mr. Lane a check in favor of Ona E. Lane for $100 on account. I also enclose you herewith a copy of the letter he sent us." In the Lane letter, a copy of which is referred to, the appellant states: "I am very much surprised to learn from you that, through her attorney, Mrs. Lane is asking for more money from me at this time as heretofore I have advanced her some $300 more than is as yet due under our agreement of January 6, 1922 . . . However, I am enclosing herein check to Mrs. Lane for $100 and trust that on the 1st of next month I will be in a position to pay the balance then due her under our said agreement. . . . " On April 1, 1924, appellant sent his check to his attorneys in a letter and they in turn sent a check with a copy of the letter to respondent's attorney. That letter was, "Enclosed please find check to Mrs. Ona E. Lane for $100 being balance of the $5,000 which I agreed to pay her under our agreement of January 6, 1922." If the evidence which was rejected had been received, such evidence would not, under the facts recited above, have constituted an estoppel against the cause of action which the wife had pleaded on August 22, 1923.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 10, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 10, 1926, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing herein is denied.

In denying said petition we withhold our approval from that portion of the opinion of the district court of appeal wherein it is held that the agreement in question was void as *contra bonos mores* upon the authority of *Pereira* v. *Pereira,* 156 Cal. 1 [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488]. As to that question we express no opinion.