[No. 12768. Department One. — December 12, 1890.]

THE NORTHERN RAILWAY COMPANY ET AL., RESPONDENTS, v. MICHAEL JORDAN ET AL., AP-PELLANTS.

BOUNDARY — NATURAL MONUMENTS — SHORE LINE — COURSES AND DISTANCES. — Where there is a conflict between the natural boundary, or shore line, and the line as given by courses and distances in the description of land, the former must control.

PLEADINGS — SUPPORT OF JUDGMENT — APPEAL. — A judgment cannot be rendered which will settle rights between litigants, unless the pleadings are framed to support it.

EJECTMENT — VERDICT AND JUDGMENT — UNCERTAIN DESCRIPTION — APPEAL. — In an action of ejectment, a verdict, and judgment based thereupon, that plaintiff is entitled to the possession of land described by boundaries not corresponding to the complaint or answer, or to any documentary evidence in the case, and not mentioning any natural monuments, nor fixing the location of the lands, directly, or by reference to anything in the record, or elsewhere, will be set aside upon appeal for uncertainty in description.

Id. — Substitution of Plaintiff — Amended Complaint — Evidence of Title — Conveyance Pendente Lite — Supplemental Pleading. — The vendee of a plaintiff in ejectment who is substituted as plaintiff under an order of court providing that all the allegations and denials of the pleadings should apply to him if the complaint as amended alleges that he was the owner at the time of bringing suit, must stand upon such allegation, and prove himself the owner at that time, and evidence is inadmissible of a deed from the original plaintiff to him, executed after the commencement of the action.

Id. — Evidence — Disputed Boundary — Call of Patent — Question for Jury. — In an action of ejectment, where a question of disputed boundary is involved, evidence tending to show the location of a certain house, which was one of the calls of a United States patent issued to the defendants, is admissible, the question whether the evidence is sufficient to prove such fact being for the jury to determine.

Verdict against Law — Instructions — Question of Fact. — A verdict cannot be said to be against law, as contrary to the instructions of the court, because inconsistent with the facts as maintained by one party, if the jury might, upon the evidence, have decided the question of fact contrary to such party, and consistently with the instructions.

Tide-lands — Certificate of Purchase — Patent — Curative Act — Case Affirmed. — A certificate of purchase of tide-lands, issued prior to the curative act of March 27, 1872, was validated by that act, and a patent from the state for such lands, issued subsequent to the passage of that act, and pursuant to the prior certificate, vests title in the patentee. (*Upham* v. *Hosking*, 62 Cal. 250, affirmed.)

Appeal from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Seawell*, and *Reinstein & Eisner*, for Appellants.

*L. B. & L. Mizner*, and *E. R. Chase*, for Respondents.

Fox, J. — Action in ejectment. Judgment for plaintiffs; motion for new trial denied, and defendants appeal from both the judgment and order.

Plaintiffs deraign title under a certificate of purchase of tide-lands from the state, issued November 9, 1871, to L. B. Mizner, followed by patent issued June 14, 1877. Defendants deraign title under a United States patent for the rancho Cañada del Hambre de Bolsas, and a

deed conveying the land in Little Bull Valley down to the shore of the straits of Carquinez, in Contra Costa County.

There is no question but that the patents are coterminous, the lands described in the one being bounded by the lands described in the other, at and along the point under investigation in this case; but the point is, Where is that coterminous line? Both patents give as a general description "the shore of the straits of Carquinez," and in both patents this general description is followed by a specific one of courses and distances, and each corresponding to the other in such courses and distances. As matter of law, — and that seems to be conceded as law in this case,—if there is a conflict between the natural boundary, or shore line, and the line as given by courses and distances, the latter must yield to the former. The correct location of the shore line is therefore the matter to be ultimately determined in this case; but it will have to be determined upon another trial; for the verdict rendered upon this trial, in our judgment determines nothing, and cannot stand.

As the case will have to go back for a new trial, we suggest, preliminarily, that either the verdict or the complaint is all awry as to the points of the compass at the place under consideration. The exhibits which are brought up to us indicate that the first fault is in the complaint. If so, the new proceedings in the court below ought to commence with an amendment of that complaint; for it can hardly be expected that a judgment can ever be reached which will settle rights between litigants, unless the pleadings are framed to support it. It may also be found advisable to amend it for another reason, which will hereafter become apparent.

1. The first point made by appellants is, that the verdict and judgment are erroneous, for uncertainty of description. The verdict reads as follows: "We, the jury, find that the plaintiff is entitled to the possession of the

land described within the following boundaries: Commencing at point (A), on the west line of railroad right of way, running west at right angles with right of way line (70) seventy feet, thence a southeasterly direction to a point on the west line of right of way, thence northerly along said right of way line (180) one hundred and eighty feet, to the point of beginning."

That is all there is of the verdict, save the signature of the foreman. There is nothing in the complaint, or in any part of the judgment roll, which corresponds in any particular with this verdict, or from which it could be determined that the verdict referred to the whole or any part of the land described in the complaint, or in the answer, or even to any lands described in either of the patents, or any of the deeds offered in evidence. Place the description given in any of the pleadings, or of the title papers offered in evidence, side by side with this verdict, and it would be impossible to tell even that the lands were located in the same state, much less that they, or any part of them, were the same. Point A is not a monument, and there is nothing of record anywhere by which it can be located. The judgment conforms to the verdict, and does not improve upon it in this regard.

This verdict, and the judgment based on it, is clearly insufficient, under the rule laid down in *Crosby* v. *Dowd,* 61 Cal. 602, affirmed in *Emeric* v. *Alvarado,* 64 Cal. 621, and in *Hill* v. *Wall,* 66 Cal. 132. But it is claimed that *Crosby* v. *Dowd,* 61 Cal. 602, was overruled in *De Sepulveda* v. *Baugh,* 74 Cal. 470; 5 Am. St. Rep. 455. In the latter case it was held, modifying *Crosby* v. *Dowd,* 61 Cal. 602, that a judgment is not void for uncertainty because of the fact that it refers to some other paper for description. But it was still held that such a judgment may be erroneous, and subject to correction on appeal, even though it could not be held void on collateral attack, so long as there was some other paper, matter of record, to

which reference might be had for description. But even under that decision this verdict is not good; for it refers to nothing of record, or elsewhere, to which resort may be had for the purpose of locating the lands here attempted to be described. Respondents say the jury had before them during the entire trial, and in their jury-room, a diagram, upon which point A was distinctly marked. Suppose they had; they have not referred us to that diagram, and if they had, the diagram is not a part of the record; it may be found to-day; it may be impossible to find it to-morrow; and when found, it would be impossible to apply it with absolute certainty to any particular tract of land.

2. The action was commenced by the Northern Railway Company and A. J. Bryant as plaintiffs. Some time afterwards, upon the request of Bryant and of Floyd-Jones, the latter was substituted in the place of Bryant as plaintiff, and it was ordered that the name of Bryant be stricken from the complaint, and the action continued in the name of Floyd-Jones as plaintiff, "and that all the allegations and denials of the pleadings apply to said Floyd-Jones, and not to said Bryant, and that the said complaint be amended by striking out the name of said Bryant, and inserting in the place thereof the name of said Floyd-Jones."

Floyd-Jones having succeeded by transfer to the interest of Bryant, he had a right to be substituted as plaintiff if he desired to do so (Code Civ. Proc., sec. 385); but the method of doing it was a singular and unfortunate one. It left him to stand upon an allegation, and bound to prove that he was the owner, or at least entitled to the possession, at the time the complaint was filed, neither of which was true. The court did err, therefore, in admitting in evidence under the pleadings as they stood the deed from Bryant to Floyd-Jones. It was incompent, irrelevant, and inadmissible for the purpose of proving any issue in the cause. The difficulty would

have been obviated by a proper supplemental complaint.

3. It was not error for the court to admit evidence tending to show the location of the John Travers house. That was one of the calls of the United States patent, and the parties were entitled to show where it was if they could. Whether the evidence was sufficient to prove the fact was for the jury to determine.

4. We do not think the point that the verdict is against law, because in disobedience of the instructions of the court, is sustained. The jury are of course bound to take the law from the court, but it does not appear that they did not do so in this case. Under the instructions, the real question was one of fact: Where was the high-water mark? It does not follow, because the jury and the counsel do not agree upon that question of fact, that the jury disregarded the instructions of the court.

5. The point is also made that the evidence is insufficient to justify the verdict. As the case must be tried anew, we deem it improper for us at this time to discuss that question.

6. It is also claimed that the certificate of purchase and state patent to Mizner are void. We regard this contention as settled adversely to appellant by the decision in *Upham* v. *Hosking*, 62 Cal. 250,—a case which seems to be directly in point.

Judgment and order reversed.

PATERSON, J., MCFARLAND, J., SHARPSTEIN, J., and THORNTON, J., concurred.

WORKS, J., concurred in the judgment.