[Civ. No. 1537. Second Appellate District.—November 13, 1915.]

## KATE ELIZABETH NEWELL, Respondent, v. WILLIAM D. NEWELL, Appellant.

DIVORCE—SETTLEMENT OF PROPERTY RIGHTS—DECREE AWARDING ALI-MONY.—In an action for divorce, where it is alleged in the complaint that the plaintiff and defendant had entered into an agreement for a division of the community property and that the defendant should pay plaintiff a fixed sum per month as alimony, a decree ordering the defendant to pay such alimony is not without the issues, nor is the effect thereof to require the defendant to pay the alimony both under the contract and decree.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

K. B. Campbell, for Respondent.

SHAW, J.—This was an action for divorce. In addition to the grounds therefor, plaintiff alleged that she and defendant had entered into a contract in writing whereby they had settled and adjusted all their property rights, making a division of all community property belonging to them, and whereby, among other things, defendant agreed to pay plaintiff as alimony the sum of $75 per month during her life, or until she should remarry. The prayer of the complaint was "that the bonds of matrimony heretofore and now existing between herself and defendant be dissolved, and that defendant be required to pay to the plaintiff the sum of $75 on the first day of each and every month during her life, or until she shall remarry." To this complaint defendant made de-fault, and upon the trial of the case the court found "that a divorce ought to be granted as prayed for in said complaint and that the defendant pay $75 per month for the support and maintenance of plaintiff as hereinafter directed." The appeal is prosecuted from that part of the decree wherein it is "ordered and decreed that defendant William D. Newell pay to plaintiff on the first day of each and every month,

beginning on the 15th day of November, 1912, the sum of $75 per month, until the further order of this court; the said sum of $75 to be for the maintenance and support of plaintiff, Kate Elizabeth Newell.'' As we gather from appellant's argument, his contention is that the court went outside of the complaint and beyond the allegations thereof in ordering that defendant pay alimony to plaintiff; that since the complaint alleged an agreement for a division of the community property and under which defendant had agreed to pay plaintiff the sum of $75 per month as alimony, the effect of the decree is to require defendant to pay the $75 per month alimony as ordered by the court, leaving him bound under his contract with plaintiff to pay her an additional $75 per month, making in all $150 per month. The prayer of the complaint was that defendant be required to pay plaintiff the sum of $75 per month alimony, and the decree and order are in strict accordance with the prayer of the complaint. Defendant therefore had due notice of the specific relief demanded by plaintiff, and hence since the complaint alleged his agreement to pay the same, cannot say the relief granted was without the issues tendered and prayed for. Nor do we see any merit in the contention of appellant to the effect that he is bound by his contract to pay $75 per month as alimony, and also bound by the decree to pay an additional $75 as alimony. Conceding that he may be bound by both the order and agreement to pay said sum, and upon default plaintiff might have concurrent remedies in enforcing payment, nevertheless the payment of $75 per month would not only satisfy his obligation existing by virtue of the agreement made with plaintiff, but at the same time satisfy the obligation imposed upon him by the order and decree made in accordance with the terms of the agreement and pursuant to the prayer of the complaint.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.