[S. F. No. 14542. In Bank.—January 24, 1934.]

FRANKLIN H. COOKINHAM, Appellant, v. MARGUERITE B. COOKINHAM, Respondent.

Harry Gottesfeld and George C. Carmody for Appellant.

Gavin McNab, Schmulowitz, Wyman, Aikins & Brune and George B. Harris for Respondent.

THOMPSON, J.—This is an appeal from a judgment in favor of defendant following an order sustaining defendant's demurrer to plaintiff's amended complaint without leave to amend.

It is alleged in the amended complaint that on January 7, 1924, while the parties were husband and wife, but living separate and apart, they entered into an agreement settling their property rights, and that subsequently, on November 24, 1924, an interlocutory decree of divorce was granted to plaintiff, which decree approved and incorporated the provisions of the agreement. It is alleged that the final decree in the action was entered on July 25, 1926, which decree also adopted and ratified the provisions mentioned. It is then set forth that the agreement is and was void and against public policy; that it is executory in that it provides for payments to be made from month to month; and that so long as the agreement remains uncanceled plaintiff can-

not move for an order modifying either the interlocutory or the final decree. Plaintiff then prays that the agreement be declared void and the provision for the payment of one hundred and fifty ($150) dollars per month for the support of the defendant be stricken out of both the interlocutory and final decrees.

The agreement, the interlocutory decree and the final decree are attached to the complaint and by reference incorporated therein.

The first sets forth that the parties are living separate and apart; that the wife is about to commence an action for divorce and that they are desirous of settling their property rights. It is then agreed that the husband shall pay to the wife (the defendant in this action) the sum of $200 per month during the pendency of that action for the support of herself and their minor child; and if the court determines that she is entitled to a divorce the sum of $150 per month during her life or until she remarries, and the sum of $50 per month for the support of the minor daughter until the latter attains her majority. Provision is then made for the custody of the child, for her medical care and for life insurance upon the father's life in favor of the child in the sum of $5,000. Next it recites the agreement of the husband to transfer to the wife the proceeds from the sale of certain real property, the amount of which is not set forth, their furniture, and to arrange another insurance policy in the sum of $5,000 so that she should be the beneficiary not subject to change without her consent. There is also a general provision, and one which says that in the event a divorce is granted the provisions of the contract may be incorporated, with the consent of the court, into the interlocutory and final decrees.

The interlocutory decree ratified and approved the agreement as a whole, and then by further decree ordered the defendant to do specifically the things which he had agreed to do, i. e., without reference to the agreement, lifted the pertinent provisions of the contract from their context and made them paragraphs a to k, both inclusive, of the judgment.

Appellant's contention is, as is apparent from our recital of the allegations of the complaint, that the agreement was *contra bonos mores,* and, therefore, null and void,

and may be so declared in this action. With this assertion we cannot agree. First, it is to be observed that the parties were living separate and apart and the agreement conclusively establishes their intent to amicably settle and adjust all of their property rights. This they were competent to do and were authorized by law to do. (*Ex parte Weiler*, 106 Cal. App. 485 [289 Pac. 645].) Second, the agreement did not hold out to the wife an inducement for her to secure a divorce by providing that she should receive $150 per month in the case a decree were granted, for the reason that in the event of such a decree it was to the advantage of the appellant that the lump sum of $200 payable to her for the support of herself and daughter, should be segregated and made to depend for their continuance upon different contingencies. Third, the court had the authority to and presumably did examine the contract and inquired into all the facts surrounding its execution before approving and ratifying its provisions. We must assume in this action that those circumstances were such as to establish the validity of the agreement.

Finally, virtually the same contentions advanced here with reference to the agreement were put forward in the case of *Brown* v. *Brown,* 83 Cal. App. 74 [256 Pac. 595], and in an exhaustive opinion in which many of the authorities relied upon by appellant were reviewed, the court declared them to be without merit. No good purpose would be served in repeating what was there said.

The judgment is affirmed.

Shenk, J., Curtis, J., Preston, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.