[Civ. No. 9819. First Appellate District, Division Two.—June 6, 1935.]

GENEVIEVE L. BOLAND, Respondent, v. F. ELDRED BOLAND, Appellant.

Leo R. Friedman for Appellant.

Rosenshine, Hoffman, Davis & Martin for Respondent.

NOURSE, P. J.—This is an appeal from a judgment against defendant for $8,995.40 based on a contract in which defendant agreed to pay plaintiff not less than $500 per month.

Plaintiff and defendant were married in 1910. They separated January 10, 1929, and on or about February 28, 1929, they entered into an agreement whereby plaintiff was to receive all the community property—amounting to between $50,000 and $75,000—and 25 per cent of defendant's income, but never less than $500 per month. In consideration plaintiff released defendant from all claims against him which she then had or might have in the future for support and maintenance. Defendant transferred the community property and paid $500 monthly for a while. He then reduced the payments and finally, in October, 1933, stopped paying altogether. On February 27, 1934, plaintiff instituted this suit for money due her under the $500 monthly clause in the contract. Defendant attempted to rescind the contract, claiming that he had been coerced into signing it. The court found against him and gave plaintiff judgment for the full amount unpaid up to May 31, 1934. Defendant now appeals on the ground that the second part of the contract which provides for his wife's support is void as a matter of law—it being (1) against good morals and public policy; (2) in contravention of section 159 of the Civil Code, and (3) oppressive. He bases the first two claims on the contention that, under the contract, each party is forever released from any and all legal obligations growing out of the marriage relation although there is no mention of a separation in the contract. But respondent argues that the contract does not purport to alter any relations except as to property rights, and that, since husband and wife had already separated it was not necessary to include the separation agreement in the property settlement contract. Appellant further contends that, even if the contract be held valid, it cannot be effective until approved by a court of equity as in a separate maintenance proceeding.

This appeal presents just one debatable question—whether a contract between husband and wife, which was made after they had separated and while they were living apart, is void because it does not expressly recite the admitted fact of separation.

Appellant's argument that the contract is contrary to public policy, to good morals, and to the requirements of section 159 of the Civil Code, because made after separation and not as an agreement to separate, is untenable under the

settled rule found in *Brown* v. *Brown,* 83 Cal. App. 74, 82 [256 Pac. 595], *Cookinham* v. *Cookinham,* 219 Cal. 723, 726 [28 Pac. (2d) 1045], and *Huntsberger* v. *Huntsberger,* 2 Cal. (2d) 655 [43 Pac. (2d) 258]. The subject is so well covered in *Brown* v. *Brown, supra,* where the cases cited by this appellant are discussed and distinguished, that no good purpose would be served in a repetition of that discussion here.

But appellant argues that the contract here involved presents some special invalidity because it does not contain an express recital that the parties had already separated. No authorities are cited to the point, though reference is made to the bare statements found in *Pereira* v. *Pereira,* 156 Cal. 1 [103 Pac. 488, 134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880], *Rottman* v. *Rottman,* 55 Cal. App. 624 [204 Pac. 46], and *Lane* v. *Lane,* 78 Cal. App. 326 [248 Pac. 686], to the effect that the contracts did not contain such recitals. In all of those cases the contracts were held void, not because of the absence of such recitals, but because the parties were in fact living together and were attempting by contract to alter and settle their marital relations. Here the contract specifies and reiterates that the parties are adjusting their property rights only, and this is well within the provisions of section 159 of the Civil Code.

The question is one which must be answered on general principles. The trial court found that the parties had separated before the agreement was executed and ever since have been living separate and apart. The contract was made on February 28, 1929; this finding was made on August 7, 1934. The evidence supporting it was received without objection and is not controverted. The whole tenor of the agreement shows that the parties did not contemplate either a resumption of the marriage relation or a divorce, but that they did intend to adjust their property rights in view of the then existing separation. Section 1636 of the Civil Code provides: ''A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.''

Section 1643 reads: ''A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties.''

Section 1647 reads: "A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates."

Section 1648 reads: "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract."

█ The general rule to be drawn from these sections, and from the authorities as well, is that when one of two possible interpretations will render a contract lawful and the other will make it unlawful the former is to be preferred. █ We find nothing in the contract involved here which would indicate an intention of the parties to make an illegal agreement altering their marital status. Everything points to a fixed intention to adjust and settle their property rights in view of the separation. As the mutual intention of the parties is the foundation for the interpretation of all contracts, we can see no reason why the failure to recite the fact of separation should affect the validity of this one. A fact is a fact and it makes little difference what evidence is used to prove it. Thus, if the parties are in fact separated and contract to live apart, that fact may be shown by competent evidence other than the written stipulations of the parties, since none of the statutes referred to require such stipulations to be made a part of the contract. The public policy and morals involved in contracts of this kind relate to the maintenance of the institution of marriage. (*Brown* v. *Brown, supra.*) But the law permits the adjustment of property rights between husband and wife who are living apart, and, when the actual separation is shown, the questions of public policy and morals do not control the interpretation of the contract.

█ Appellant argues to some length that the trial court should have refused to enforce the contract as unjust and oppressive and should have made its own order for the wife's support commensurate with the husband's ability to pay. Without holding that the trial court had the right, it is sufficient to say that it did take evidence on both of these issues at the instance of the appellant and that it found against the appellant in both. No attack is made on these findings and hence no question is presented here for decision.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1935.