[Civ. No. 10851. First Appellate District, Division One.—August 15, 1939.]

FRANCES E. ROBERTSON, Plaintiff and Appellant, v. CHARLES H. ROBERTSON, Defendant and Appellant.

Nathan C. Coghlan and Walter C. Frame for Plaintiff and Appellant.

James F. Brennan and Saul Perlis for Defendant and Appellant.

WARD, J.—This is an action by plaintiff to recover the sum of $2,050, representing an accumulation of $50 a month arising from a reduction from $300 to $250 in the monthly payments made by defendant to plaintiff for her support and maintenance following their divorce. The trial court decreed that the property settlement agreement sued upon, providing for the payment to plaintiff of the sum of $300 a month, is a

valid, existing and enforcible contract between the parties but that, while entitled to the payment of such amount each month, she is estopped from collecting the unpaid portions thereof, aggregating $2,050, by reason of her acceptance of the monthly checks for a lesser amount. Plaintiff appeals from that part of the judgment denying her the unpaid balance claimed to be due. Defendant appeals from that part of the judgment decreeing the property settlement agreement to be a valid, existing and enforcible contract between the parties, permitting plaintiff to thereafter collect the sum of $300 a month according to the terms of the agreement. For the purpose of clarity, the parties hereto will be referred to as plaintiff and defendant.

Upon the divorce hearing, September 18, 1929, counsel for the respective parties informed the court of the general terms of a suggested property settlement agreement, and of the basis of a proposed decree, subject to the approval of the court, relative to a property settlement. No reference was made at that time as to the disposition of certain personal property, including furniture, stocks, an automobile, etc. A week later, by stipulation, findings of fact and conclusions of law were waived, and an interlocutory decree signed listing items of personal property and stock, and making provision for plaintiff's support in the amount agreed upon, $300 a month, but no mention was made therein of the contract of property settlement. During the interim between September 18th and the date of the signing of the interlocutory decree, the property settlement agreement had been reduced to writing. It provided that plaintiff was to receive various articles of personal property and corporate stock, together with the sum of $300 a month for her support. ■ The agreement may have been used as the general basis for the decree, but it was not merged in the decree and the latter document did not formally approve or disapprove the agreement; hence in this proceeding the power to modify the decree, without consideration of the terms of the agreement, cannot be questioned. (*Armstrong* v. *Armstrong*, 132 Cal. App. 609 [23 Pac. (2d) 50]; *Hughes* v. *Hughes*, 68 Cal. App. 195 [228 Pac. 675]; *Johnson* v. *Johnson*, 104 Cal. App. 283 [285 Pac. 902].) Several years subsequent to the entry of the decree, after hearing, during the course of which plaintiff introduced her contract of property settlement, the decree of divorce was modified by reduc-

ing the monthly alimony payments to $250, after which time, defendant, in tendering the monthly checks, wrote upon each of them: "In full payment to [date]." Plaintiff cashed each one, endorsing thereon: "Received in conformity with court's order contained in final decree, same being in part payment of payment due." ▮ The subsequent modification of the decree by reduction of the amount to be paid plaintiff from $300 to $250 a month was not *res judicata* of the cause of action on the contract. (*Sanborn* v. *Sanborn,* 3 Cal. App. (2d) 437 [39 Pac. (2d) 830]; *Gummerson* v. *Gummerson,* 14 Cal. App. (2d) 450 [58 Pac. (2d) 394].)

Defendant contends that the interlocutory decree was a consent decree covering the provisions of alimony; that it was a complete adjudication of the property and support rights of the parties; that entry in the minutes constitutes the rendition of a judgment and that the agreement was an attempt to modify the decree; that the agreement was merged in and superseded by the decree, and that the subsequent order of modification of the decree was an adjudication of the agreement. So far as we have been able to ascertain, the numerous authorities cited in support of these contentions set forth correct legal principles, but the facts in such cases are not identical and in some instances not even similar to the facts and circumstances in the instant case. Each case must be determined upon the facts and circumstances presented. (*Waack* v. *Maxwell Hardware Co.,* 210 Cal. 636, 640 [292 Pac. 966].)

▮ In California, subject to the general rules controlling acts of persons occupying confidential relationships, a husband and wife may enter into an agreement, with mutual consent as the consideration, respecting property. (Civ. Code, secs. 158, 160.) Such a contract is not invalid when made after the separation of the parties in contemplation of a divorce, and it is not abrogated thereby. (*Cookinham* v. *Cookinham,* 219 Cal. 723 [28 Pac. (2d) 1045]; *Huntsberger* v. *Huntsberger,* 2 Cal. (2d) 655 [43 Pac. (2d) 258]; *Brown* v. *Brown,* 83 Cal. App. 74 [256 Pac. 595]; *Boland* v. *Boland,* 7 Cal. App. (2d) 401 [46 Pac. (2d) 238], and cited cases.) ▮ The terms of the agreement need not be adopted in the decree of divorce, and the court retains unto itself the equitable power to determine, irrespective of the contract of the parties, whether or not the terms are fair and just, and the power to

increase or diminish an award after a property settlement. (*Moog* v. *Moog*, 203 Cal. 406 [264 Pac. 490].) Unless the court specifically declares the agreement to be illegal and against public policy, the agreement stands and may be treated as an independent contract subject to such construction and judicial disposition as the terms, facts and circumstances warrant. (*Roberts* v. *Roberts*, 83 Cal. App. 345 [256 Pac. 826] ; *Gummerson* v. *Gummerson, supra; Armstrong* v. *Armstrong, supra.*) If the decree modifies or supersedes some provision of the agreement, one party may have concurrent remedies, but a defaulting party may be bound by both the decree and the agreement. Payment, however, is a satisfaction of the decree and of the agreement and should be credited upon each obligation. (*Newell* v. *Newell,* 28 Cal. App. 784 [154 Pac. 32] ; *Roberts* v. *Roberts, supra.*)

 In plaintiff's appeal the contention is made that the trial court erred in finding that she was estopped from collecting the moneys sued for pursuant to the terms of the agreement. When a dispute, having the ring of truthfulness on each side, arises, concerning an amount due under an obligation, as in a case where the parties concur on the amount and an agreement is later made to accept a lesser sum in full satisfaction of the amount due, the obligation is cancelled by a tender and acceptance of the lesser sum in full payment. Upon each of the checks delivered by the defendant to the plaintiff for a less amount than the sum set forth in the agreement, there appeared in the handwriting of the defendant and of the plaintiff the words heretofore noted.

The trial court found : ''That solely by reason of her acceptance of said checks so endorsed by said defendant the plaintiff is estopped from collecting any of the moneys unpaid since November 15, 1933.''

The defendant asserted that under the terms of the modified decree of divorce only $250 a month was payable. The plaintiff believed that she was entitled to $300 under the provisions of the agreement. We can reach no other conclusion than that there was a *bona fide* controversy between the parties relative to their respective legal rights. In *Berger* v. *Lane,* 190 Cal. 443, 447 [213 Pac. 45], the court said: ''The general rule, which is but an amplification of our code sections (Civ. Code, secs. 1521, 1523) defining satisfaction and accord, is 'that where the amount due is in *dispute* and

a check less than that claimed is sent to the creditor with a statement that it is sent in *full satisfaction* of the claim, and the tender is accompanied by such acts or declarations as amount to a condition that if the check is accepted at all it is accepted in full satisfaction of the disputed claim, and the creditor so understands, its acceptance by the creditor constitutes an accord and satisfaction even though the creditor states at the time that the amount tendered is not accepted in full satisfaction'. (*Lapp-Gifford Co.* v. *Muscoy Water Co.,* 166 Cal. 25 [134 Pac. 989]; *B. & W. Engineering Co.* v. *Beam,* 23 Cal. App. 164 [137 Pac. 624].)'' By acceptance of the checks a valid accord and satisfaction was consummated. Plaintiff could not accept the benefit of the checks by cashing them, without consenting to the conditions endorsed thereon. (*Johnston* v. *Burnett,* 17 Cal. App. 497, 501 [120 Pac. 436].) The words written by the plaintiff do not constitute a rejection of the condition, but rather a statement of acceptance, but only in conformity with the court's order. The consideration for the tender and acceptance of each check in a less amount was the determination of dispute, and the extinction of obligation in relation to each monthly payment so made.

At the time of oral argument, some mention was made of the insufficiency of the second affirmative defense, namely, accord and satisfaction. The pleading was evidently prepared to cover such defense; likewise upon the theory that a written agreement may be modified by a subsequent oral agreement if the same is fully executed. While the pleading may have been vulnerable to an attack by special demurrer, it is sufficient in the absence of such objection.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 9, 1939.