HELEN ROSE DUBIN, Plaintiff, *v.* ALEXANDER DUBIN, Defendant.

Supreme Court, Special Term, New York County, September 5, 1940.

*Glass & Lynch,* for the plaintiff.

*Robert Aronstein,* for the defendant.

PECORA, J. Plaintiff sues to recover arrears in payments which it is claimed are due under an agreement of separation executed in California in 1934. An answer has been interposed containing various defenses and counterclaims. This motion is directed toward the insufficiency of such defenses and counterclaims. The first alleged defense and counterclaim states that defendant, at the request of plaintiff, and mistakenly believing that he was obligated so to do, paid certain Federal and State income taxes of the plaintiff. This does not constitute a defense to the action. It does not tend to defeat plaintiff's right to recover. If sustained, it would amount to a setoff or counterclaim. As a defense it is dismissed. As a counterclaim it is legally defective. If based upon an alleged mistake, whether mutual or unilateral, there must be an allegation of a demand. (*Southwick* v. *First National Bank,* 84 N. Y. 420.) A demand is excused where the person receiving payment or for whose benefit payment was made " consciously receives what does not belong to him, taking advantage of the mistake or oversight of the other party." (*Sharkey* v. *Mansfield,* 90 N. Y. 227. See, also, *Robinson* v. *National Bank of New Berne,* 95 id. 637, 643; *Martin* v. *Home Bank,* 160 id. 190, 201.) There are no allegations in this counterclaim of knowledge that the payments were improper and that plaintiff knew she was not entitled to them. A demand must, therefore, be alleged.

The allegation that the payments were made at the plaintiff's request does not cure this defect because the law will not presume guilty knowledge. Furthermore, the mere assertion that the payments were made at the request of plaintiff does not convert the cause into a common-law count of assumpsit for money paid. An essential allegation for such a counterclaim is that the payments were made " for the use of " the plaintiff. (*Rodgers & Haggerty, Inc., v. Brunswick M. C. Corp.*, 188 App. Div. 272.) The first setoff and counterclaim is dismissed.

The second defense and counterclaim is insufficient. If defendant intends to plead payment, he should do so. The allegation that plaintiff received sums " in excess of the sums which plaintiff was entitled to receive " is a conclusion of law. This defense and counterclaim is dismissed.

The third defense alleges that under the laws of the State of California " the contract sued upon herein is presumed to have been entered into by the defendant herein without sufficient consideration and under undue influence." It further alleges that the contract does not express the true intention of the parties thereto, in that it is harsh, oppressive and unconscionable and was executed by defendant under duress. It is not clear whether the latter part of the defense is referable to the first part which pleads the law of California. If it is not, then the defense is a jumbled one which needs unscrambling. In addition, the allegation that an agreement is harsh is clearly conclusory and the averment of duress is wholly insufficient in not pleading facts. (*Sprung* v. *Zalowitz*, 232 App. Div. 471; *Crossway Apartments Corp.* v. *Amante*, 213 id. 430.) Furthermore, in pleading the California law defendant has merely asserted what he considers to be the legal effect of such law. This is a conclusion. It is not essential that the California statute be fully set forth but " it is not sufficient to allege that by the laws of the foreign jurisdiction, a specified legal consequence resulted between the parties, for this is not alleging the ultimate facts concerning the rule of law contained in the statute, but is only pleading a conclusion of law as to a supposed particular effect of the statute." (3 Carmody's New York Practice, § 925, p. 1780.) The third defense is stricken out.

The fourth defense is that the agreement sued upon is invalid in that it is promotive of, and has for its tendency, the divorce of the parties and is contrary to the laws of California. This defense is not only insufficient, but sham. A copy of the agreement is annexed to the complaint. It is a separation agreement. Such agreements are valid in this State and have been sustained

in California. The fact that payments will be continued after divorce does not make the contract illegal. The California courts have passed directly upon that question. (*Brown* v. *Brown*, 83 Cal. App. 74; 256 P. 595; *Cookingham* v. *Cookingham*, 219 Cal. 723; 28 P. [2d] 1045; *Boland* v. *Boland*, 7 Cal. App. [2d] 401; 46 P. [2d] 238.)

The fifth defense is insufficient. It alleges that since the making of the agreement the parties " openly lived and cohabited together as husband and wife, by reason of which the said agreement sued upon was cancelled, annulled and abrogated." Cohabitation does not *ipso facto* destroy the separation agreement. There must be an intent to reconcile. (*Brody* v. *Brody*, 190 App. Div. 806; *Matter of Landon*, 149 Misc. 832.) Where there is a reconciliation, with an intent to resume the marriage relationship, a separation agreement may be terminated. Such facts should be pleaded.

The sixth defense, that the agreement " is void and unenforceable for indefiniteness and uncertainty," is a conclusion and will be stricken out.

The motion is, therefore, granted as indicated above. Defendant may serve an amended answer, if he is so advised, within ten days after service upon his attorney of a copy of the order to be entered herein with notice of entry. Settle order.