[Civ. No. 11478. First Dist., Div. One.—April 25, 1941.]

ELIZABETH F. QUEEN, Respondent, v. CLYDE L. QUEEN, Appellant.

H. W. Glensor for Appellant.

Walter H. Duane for Respondent.

WARD, J.—This is an appeal by defendant from a judgment in the sum of $4,800, together with interest, $500 counsel fees, costs and disbursements. The action arose in connection with an unpaid balance due plaintiff under a property settlement agreement in which defendant obligated himself to pay her the sum of $150 a month until a total of $9,000 had been paid.

Plaintiff and defendant married on September 6, 1916; they separated on November 2, 1931. Thereafter, on January 7, 1932, a written property settlement agreement as above mentioned was entered into between them, following which plaintiff filed a divorce action on January 21, 1932, to which defendant answered by general denial. On March 11, 1932, an interlocutory decree of divorce was entered. On January 19, 1934, a supplemental agreement was entered into by the parties, the purport of which was that, in the event of court action or proceeding to collect any of the amounts due under the first agreement, the defendant husband should pay a rea-

sonable attorney's fee in the prosecution of such action, also that in case of default in the payment of any installment, the entire balance should, at the option of the wife, become immediately due. The final judgment and decree of divorce was entered on February 5, 1934. The present action, filed July 16, 1934, is based upon the two agreements.

Appellant contends that the original property settlement agreement is void because contrary to public policy and morals; and that it gains no validity by its approval in a subsequent divorce action. He also asserts that there was no consideration for the supplemental agreement providing for attorney's fees.

It is respondent's contention that the parties separated as the result of domestic difficulties, the wife determining to sue for divorce; that after a separation of approximately two months they entered into an agreement settling their property rights, which agreement was subsequently approved by the court in the divorce action; that two years later, and while the said agreement was in full force and effect, by reason of the default of the husband and in consideration of the wife's forbearance to take legal action against him, the parties entered into the supplemental agreement which among other things confirmed the original agreement.

The pertinent portions of the original agreement in dispute in the present action are as follows: "This agreement shall be and become effective if, as, and when within a period of six (6) months from the date hereof a decree of divorce is entered granting to the party of the second part a divorce from the party of the first part and including as a part of its terms the provisions herein contained. If a divorce shall not be so granted or shall be granted but shall not contain as provision for the settlement of property rights the provisions of this agreement, or shall contain additional provisions, or provisions inconsistent herewith, then this agreement shall be and become forthwith null and void and of no effect . . . provided that the party of the first part shall not be obliged to make any payments after the 15th day of June, 1932, unless a decree of divorce has been obtained by the party of the second part as herein contemplated, but in the event such decree of divorce has been obtained the party of the first part shall continue payments from and after the time of

obtaining such decree of divorce and until the said sum of nine thousand ($9,000.00) dollars has been paid."

The interlocutory decree contains the following: "And it further appearing to said court that said parties have heretofore entered into an agreement settling their property rights, and said agreement having been presented to this court for its approval, it is hereby adjudged and decreed that said agreement be and the same is hereby approved and made by reference a part of this interlocutory decree of divorce, and it is further ordered, adjudged and decreed that the parties to said agreement, to-wit: the plaintiff and defendant in the above-entitled action, fully and completely perform said agreement all in accordance with the terms thereof." This is the only reference in the decree to a property settlement.

Respondent argues that the approval of the agreement by the court in the divorce action renders the question of its validity *res judicata*. Neither the complaint in that action nor the answer contained any reference to a property settlement or support for the wife. The complaint prayed for dissolution of the bonds of matrimony and for such other and further relief as to the court seemed proper. ■ In a divorce proceeding issues may be broadened at the trial to include questions not made an issue by the pleadings. ■ The court as representative of the public interest has the power, irrespective of a contract settlement or the silence of the pleadings with reference thereto, to make a fair and just disposition of property rights in consonance with the law thereon. (Civ. Code, div. 1, pt. 3, tit. 1, ch. 2, art. 4; *Moog* v. *Moog,* 203 Cal. 406 [264 Pac. 490]; *Robertson* v. *Robertson,* 34 Cal. App. (2d) 113 [93 Pac. (2d) 175].) ■ A property settlement although merely referred to in the decree as such, may, under circumstances not necessary to enumerate herein (*Wallace* v. *Wallace,* 136 Cal. App. 488 [29 Pac. (2d) 314]), become *res judicata,* but it must be sufficiently certain and definite or a reasonable means of ascertaining its terms must be available from the pleadings or evidence (*Moran* v. *Moran,* 3 Cal. (2d) 342 [44 Pac. (2d) 546]; *Armstrong* v. *Armstrong,* 132 Cal. App. 609 [23 Pac. (2d) 50]; *Wallace* v. *Wallace, supra; Atlass* v. *Atlass,* 112 Cal. App. 514 [297 Pac. 53]; *Cohen* v. *Cohen,* 150 Cal. 99 [88 Pac. 267, 11 Ann. Cas. 520]; *Ettlinger* v. *Ettlinger,* 3 Cal. (2d) 172 [44 Pac. (2d) 540]), before

480

it may be enforced and constitute an estoppel between the parties. (1 Freeman on Judgments, p. 126; 14 Cal. Jur., p. 954.) Plaintiff could not have the same rights on the judgment in a divorce case, which while purporting to confirm a property settlement lacks the necessary details thereof, as on a judgment setting forth the terms of the agreement.

It is suggested that plaintiff's testimony that she was satisfied with a settlement giving her $150 a month, taken with a statement of her counsel, is sufficient to identify the agreement. This was adequate to establish that a property settlement had been made by the parties, but not sufficient to identify its terms. The statement by the attorney is as follows: "Yes, he is providing a life insurance policy which he is paying for, and it is placed in escrow, and in the event of his death, the amount that may then remain over the balance of $9,000 will be paid from that policy to this plaintiff. As regards the payments during his life, we have no guarantee other than the agreement that he will pay." Referring to the payments, counsel further stated "that it is so provided in the decree". However, the decree does not so provide. Without incorporating the agreement therein (*Moran* v. *Moran, supra*), or referring specifically to its terms, or introducing it in evidence, the decree simply directs that it be performed. The agreement in question covered disposition of household furniture, real property, moneys and securities, the assumption of indebtedness, the maintenance in good standing of a life insurance policy, etc. The decree in the divorce action could not furnish a basis for execution or for contempt proceedings. (*Lazar* v. *Superior Court,* 16 Cal. (2d) 617 [107 Pac. (2d) 249].) The approval in the decree of the agreement is insufficient to be relied upon in the present proceeding as an adjudication of its terms. However, independent of the decree, it may be a valid agreement.

In the present action the court found: "That on the 7th day of January, 1932, the said parties entered into an agreement in writing, wherein and whereby they settled their rights as to community property and the sum to be paid to Elizabeth F. Queen by Clyde L. Queen for the maintenance and support of the said Elizabeth F. Queen; that it was provided in said agreement that Clyde L. Queen should pay to

Elizabeth F. Queen the sum of $150.00 per month, each and every month, until the total sum of $9,000.00 was paid; that said agreement was and is in all respects valid, lawful and not contrary to public morals or to public policy.''

Appellant urges that the agreement was absolutely void because contrary to public policy and morals; that the instrument never became an agreement between the parties because it could be binding only if a decree of divorce should be granted the wife within a period of six months; that its provisions should have been included in the decree of divorce, and further that it should have been confirmed by the court in the divorce proceedings. Passing for the present the contention that the agreement is against public policy and morals, the interlocutory decree at least—which is the only one that could have been considered—*was* granted within the six months' period.

When the contract is read in its entirety, with particular consideration given to provisions objected to by appellant, it is plain that the purpose of the agreement was to assure to the husband that the full measure of his obligation had been met, and that if the wife obtained the rights accorded her therein she should have no additional rights against him in respect to property or support. The parties evidently recognized the power of the court to disregard the agreement and to provide other terms which to it might seem fair and just (*Moog* v. *Moog, supra; Robertson* v. *Robertson, supra*) ; but, to guard against the imposition of additional terms or the possibility of a double obligation, the husband was protected by the provision in the agreement that its terms should be a part of the decree, and that if the decree contained any additional or inconsistent provisions the agreement should become forthwith null and void. The agreement was approved in the divorce proceeding, ineffectively in so far as the doctrine of *res judicata* is concerned, but there was sufficient reference to the property settlement to indicate the intention of the court that an agreement executed by the parties should govern the question of property rights and the wife's support. The husband's attorney was present during the hearing on the merits, and could have requested the insertion of the agreement as part of the decree. The purpose of the agreement was satisfied when no terms were' provided

in the decree inconsistent therewith. A specific approval in the decree of the terms of the agreement would have placed a more onerous burden on the husband than the enforcement of the property settlement as a contract only. If a part of the decree, the terms would have been enforceable by contempt proceedings. When considered in connection with the terms of the agreement as they appear in the present proceeding, the language of the decree sufficiently meets the requirements of the instrument as to performance of the conditions precedent to insure its effectiveness. Cases cited by appellant dealing with various subjects, such as completeness of a record on appeal (*Northern Ry. Co.* v. *Jordan,* 87 Cal. 23 [25 Pac. 273]), insufficient description of property in replevin actions (*Cooke* v. *Aguirre,* 86 Cal. 479 [25 Pac. 5], *Welch* v. *Smith,* 45 Cal. 230), description in a quiet title action (*Powers* v. *Perry,* 12 Cal. App. 77 [106 Pac. 595]), are not sufficiently in point to assist his contention. ■ Where an instrument is referred to in a decree, it should be made a part of the decree or sufficiently described to obviate any question of its identity arising thereafter (*Emeric* v. *Alvarado,* 64 Cal. 529 [2 Pac. 418]), but in the present case no one has challenged the fact that a property settlement was signed and that the instrument under consideration is the particular instrument in controversy.

■ It is not contended that the divorce was collusive, but that the agreement was void as against public policy and morals in that it was an inducement not only to obtain a divorce but that it be obtained within six months. The contention is based solely upon the terms of the agreement. No testimony was presented upon this subject. If it is claimed that the six months' period was inserted to expedite the divorce, why did the parties delay the matter? It is a well-known fact that an interlocutory decree under the circumstances herein presented may be obtained in a much shorter period. Irrespective of the time limit, if the contention is that by the agreement the wife was persuaded to obtain a divorce, the answer appears in the opening paragraphs of the agreement: "That Whereas, said parties have separated and said party of the second part has stated that she is about to institute an action for divorce from the party of the first part; and Whereas, said parties are desirous of arriving at an agreement respecting the settlement of their property rights and

providing for the support and maintenance of the party of the second part in the event that a divorce shall be granted to the party of the second part. . . . '' We adopt the language used in *Cookinham* v. *Cookinham*, 219 Cal. 723, 725 [28 Pac. (2d) 1045] : ''Appellant's contention is, as is apparent from our recital of the allegations of the complaint, that the agreement was *contra bonos mores*, and, therefore, null and void, and may be so declared in this action. With this assertion we cannot agree. First, it is to be observed that the parties were living separate and apart and the agreement conclusively establishes their intent to amicably settle and adjust all of their property rights. This they were competent to do and were authorized by law to do.''

The agreement does not indicate that it was promotive of divorce but rather incidental thereto, the means employed in the disposition of the property of the parties and the assumption of an obligation to support the wife. It is unnecessary to differentiate between the facts in this case and in the cases cited by appellant which have received consideration in later decisions. (*Howard* v. *Adams*, 16 Cal. (2d) 253 [105 Pac. (2d) 971, 130 A. L. R. 1003] ; *Morrow* v. *Morrow*, 40 Cal. App. (2d) 474 [105 Pac. (2d) 129].)

██ Respondent's right to recover attorney's fees and to declare the entire unpaid balance due in accordance with the original agreement depends on the validity of the January 19, 1934, supplementary agreement, the consideration for which was the forbearance of the wife to pursue any claims she had against the husband. The trial court found that on the date of the supplementary agreement the husband was delinquent in monthly payments. The evidence shows to the contrary. The husband and wife testified that on the date of the agreement the husband was not in default. It is the law in this state that forbearance to sue unless upon a promise to forbear is not a good consideration. (*Wine Packing Corp. of Cal.* v. *Voss*, 37 Cal. App. (2d) 528 [100 Pac. (2d) 325].) Accordingly plaintiff is precluded from the collection of attorney's fees, and is bound by the provisions of the original settlement agreement, namely, the recovery of delinquent payments at the rate of $150 per month.

The trial court is directed to modify the findings and the judgment in accordance with the views herein expressed. As

modified, the judgment is affirmed, each party to pay his or her own costs on appeal.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied May 24, 1941, and appellant's and respondent's petitions for a hearing by the Supreme Court were denied June 23, 1941. Carter, J., voted for a hearing.