[Civ. No. 9069.   Third Dist.   July 3, 1957.]

THE ANGLO CALIFORNIA NATIONAL BANK OF SAN FRANCISCO (a National Banking Association), Respondent, v. FAR WEST LUMBER COMPANY (a Corporation) et al., Defendants; PHELPS E. GOOCH, Appellant.

Frisbie & Hoogs for Appellant.

Alvin M. Cibula for Respondent.

WARNE, J. pro tem.*—This is an appeal by defendant Phelps E. Gooch from a judgment in favor of plaintiff and against Gooch and Far West Lumber Company, a corporation.

Phelps E. Gooch was the president and manager of the Far West Lumber Company. The company maintained a bank account with the plaintiff at its branch bank in Redding. Due to an error on the part of its bookkeeper, the bank, during the period of May 14, 1953, to May 18, 1953, paid 16 checks of Far West Lumber Company in the amount of $3,609.50 when the company had only the sum of $14.26 on deposit. On May 18, 1953, when the error was brought to the attention of the bank officials, Mr. Gooch was notified of the overdrafts, and he informed the bank that funds would be available to cover them by the end of the week. He stated that a deposit would be made on May 23, 1953.

On May 25, 1953, Mr. Gooch went to the bank where the matter was again discussed with Mr. Thies, the manager of the plaintiff's branch bank at Redding, and with Mr. Sanderson, the assistant manager. At this meeting the two bank officials discussed with Mr. Gooch his failure to live up to his promise of the preceding week to have the funds by the end of that week, the unavailability of the expected money and the financial affairs of Far West Lumber Company as well as Mr. Gooch's personal affairs. At this meeting the bank learned that Far West Lumber Company was insolvent. Mr. Thies testified that Mr. Gooch was asked about his personal affairs in order ". . . to determine whether he had sufficient funds to back up his statement that he would be willing to reimburse the bank for any loss that occurred after . . . Far West Lumber Company, had paid as much as they could on the draft."

At this meeting Mr. Gooch was told that unless some satisfactory arrangements were made with the bank, the bank was going to bring an action, or "do something" immediately. Mr. Thies testified that ". . . the arrangements he seemed to make with us was [to] assure us the funds would be forthcoming either from Far West Lumber Company or through his earnings as a lumber man. He said that he could—he

---

*Assigned by Chairman of Judicial Council.

had a truck and he could drive that and that he would have earnings there that would be sufficient in a period of time to clear the overdraft. We therefore gave him the additional time to bring the funds in from the Rocky Mountain Manufacturing Company, monies that were due, or from Mr. Olcott's contracts in the Bay area. Then he told us to contact him in a few days.''

On May 28, 1953, Sanderson called on Gooch pursuant to the conversation of May 25, 1953, and for the first time learned that Gooch had, during the period from May 26 to May 27, 1953, assigned to certain third parties, by an executed and recorded assignment, the money due Far West Lumber Company from the Rocky Mountain Manufacturing Company. The bank then brought this action. Thies testified that the bank would have previously taken action if it had known that the Rocky Mountain Manufacturing funds were to be assigned to others. The trial court found that Gooch, on May 25, 1953, for a consideration promised to pay the bank the amount of the overdraft.

Appellant admits that there is evidence in the record to sustain a finding that on May 25, 1953, he promised to assume the indebtedness of the Far West Lumber Company to the bank, although he believes it to be against the weight of the evidence. Of course, in viewing the evidence to sustain a judgment for the plaintiff, a reviewing court must view it in the light most favorable to the plaintiff. (*Rudolph* v. *Tubbs,* 46 Cal.2d 55 [291 P.2d 913].) The appellant contends, however, that there is no evidence, either express or implied, of any promise being made by respondent to appellant in consideration of his promise to assume the indebtedness that the bank would forbear the bringing of suit.

The mere forbearance to sue without agreement to forbear, or the mere act of forbearance if not given for the promise does not constitute a consideration (*Schumann-Heink & Co.* v. *United States Nat. Bank,* 108 Cal.App. 223 [291 P. 684, 292 P. 547] ; *Parrino* v. *Rallis,* 116 Cal.App. 364 [2 P.2d 515] ; *Wilmans* v. *Weissman,* 38 Cal.App.2d 693 [102 P.2d 382] ; *Queen* v. *Queen,* 44 Cal.App.2d 475 [112 P.2d 755] ; 12 Cal.Jur.2d Contracts, sec. 33; 74 A.L.R. 301) ; and reliance must be based upon the promise. (*Bard* v. *Kent,* 19 Cal.2d 449 [122 P.2d 8, 139 A.L.R. 1032].) The promise to forbear may, however, be implied as well as express. (*Wine Packing Corp.* v. *Voss,* 37 Cal.App.2d 528, 538 [100 P.2d

325] ; see also *MacDonald* v. *Rosenfeld,* 83 Cal.App.2d 221, 237 [188 P.2d 519] ; 74 A.L.R. 301.)

In the instant case the evidence most favorable to the respondent and the inferences to be drawn therefrom show that appellant contracted with the bank to become jointly liable with the defendant Far West Lumber Company, and that there was an implied promise on the part of the respondent to forbear the immediate filing of suit on the strength of appellant's promise that funds would be coming forthwith, either from the defendant corporation or through his earnings as a lumber man, and especially that appellant was to bring in the money that was due the defendant corporation from Rocky Mountain Manufacturing Company. The evidence further shows that suit would have been brought prior to the date it was filed had not appellant promised to bring in these funds to help clear the overdraft. Applying the rules stated in the cases heretofore cited, the evidence justifies the findings and the judgment. Further, the act of forbearance was in itself evidence of an agreement to forbear. (*Greenfield* v. *Sudden Lbr. Co.,* 18 Cal.App.2d 709 [64 P.2d 1007].) Since this issue decides the case, we do not consider it necessary to discuss the other points presented in the briefs.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.